**HOSPITAL MORTGAGE GROUP, INC.,**
**Plaintiff, Appellee,**

v.

**PARQUE INDUSTRIAL RIO CANAS,**
**INC., Defendant, Appellant.**

**No. 80–1709.**

United States Court of Appeals,
First Circuit.

Argued May 6, 1981.

Decided July 9, 1981.

Wilfredo Segarra Miranda, Bayamon, P. R., with whom Harry A. Ezratty, San Juan, P. R., was on brief, for defendant, appellant.

Abelardo Ruiz-Suria, San Juan, P. R., with whom McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, and M. Del Valle Montalvo, San Juan, P. R., were on brief, for plaintiff, appellee.

Before GIBSON,* Senior Circuit Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Hospital Mortgage Group, Inc., a Delaware corporation, brought an action in federal district court to foreclose its mortgage on property of Parque Industrial Rio Canas, Inc., a real estate development company in Puerto Rico. After attempting unsuccessfully to serve its complaint on Parque, Hospital Mortgage moved for service by publication under Rule 4.5 of the Rules of Civil Procedure of Puerto Rico,[1] as authorized by Rule 4(e) of the Federal Rules of Civil Procedure.[2] Hospital supported its motion with two affidavits, one by its attorney attesting to the merits of the claim,[3] and the other by the process server relating its efforts to locate Parque. The district court granted the motion, and service was accomplished in accordance with Rule 4.5 through the publication of an edict and mailing a copy of the summons and complaint to Parque's last known address.[4] Parque failed to answer, and default was entered. After a hearing at which Hospital presented testimony in support of its complaint and Parque did not appear, the court issued a default judgment against Parque and ordered that the property be seized and sold at public auction to satisfy the judgment. The sale was scheduled for September 16, 1980, and notice of the sale was published.

On September 15, 1980, Parque filed a "Motion for Special Appearance to Impugn Jurisdiction and Requesting Postponement of Scheduled Auction."[5] Parque asserted

---

* Of the Eighth Circuit, sitting by designation.

1. Rule 4.5 provides in pertinent part as follows: Where the person upon whom service is to be made is outside of Puerto Rico, or, if within Puerto Rico, is not found after the pertinent necessary steps are taken, or conceals himself to avoid service of summons, or is a foreign corporation having no agent, business agent, cashier, or secretary in Puerto Rico, and if it is so established to the satisfaction of the court by affidavit, and if it also appears from such affidavit or from the verified complaint filed that a cause of action exists which warrants the granting of a relief against the person upon whom service is to be made, or that such person is a necessary or legitimate party to the action, the court may issue an order that service be made by publication.

2. Rule 4(e) provides in pertinent part as follows: Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

3. This affidavit reads in pertinent part as follows:

The undersigned affiant further attests that he has personally reviewed and verified all of the information, documents, and records pertaining to the above action and to his best knowledge and belief, plaintiff has a cause of action against defendant that warrants the granting of the relief sought in the complaint.

4. The two addresses to which the summons was mailed and those at which the process server had attempted service were the principal places of business of the corporation as reflected in the certificate of incorporation on file with the Department of State of Puerto Rico and a previous address appearing on the certificate.

5. This motion was apparently intended by Parque and treated by the court as a motion for relief from judgment under Rule 60(b)(4).

the judgment was void for lack of jurisdiction, since proper service on Parque had never been accomplished. Parque argued that service could and should have been made either on its president, whose address was personally known to an officer of Hospital and to Hospital's attorney, or on its newly appointed resident agent, whose address would appear in the files of the Department of State of Puerto Rico. A hearing was held, after which the district court concluded that Hospital had attempted service at the address of Parque's resident agent as it appeared in the files of the Department of State, that Hospital's efforts to serve Parque were sufficiently diligent to comply with Rule 4.5, and that the court obtained jurisdiction through service by publication. The court denied Parque's motion as well as its later motion for reconsideration.

On appeal, Parque reiterates that Hospital's efforts to serve Parque were insufficiently diligent. Parque also cites *Mundo v. Fuster*, 87 P.R.R. 343 (1963), for the related contention that the affidavit of the process server was insufficiently specific. We reject both these claims. The affidavit of the process server was more specific than that in *Mundo,* and the district court could consider that this defendant, unlike the *Mundo* defendants, is a corporation with the duty to make its address known to the public by maintaining an accurate record with the Department of State. Having failed to keep its public records up to date, Parque is in no position to complain that Hospital relied on the Commonwealth's outdated records rather than conducting and relating an extensive investigation or drawing on personal knowledge of its officers regarding the residence of Parque's president.

Having rejected these claims, however, we are faced with a further and far more troublesome argument which Parque first advanced during this appeal. Parque contends, relying on *O'Sheaf v. District Court*, 38 P.R.R. 231 (1928) and cases cited therein, that Hospital's affidavit of the merits of its claim did not comply with the requirements of Rule 4.5 in that the affidavit did not set forth facts showing the merit of the claim. Ordinarily, we would not consider an argument made for the first time on appeal. Here, however, the belated argument is addressed to the court's jurisdiction—its power to enter the judgment—rather than merely to the correctness of its decision. If Parque's argument is correct, then service was inadequate, and since Parque has never waived service or submitted itself to the court's jurisdiction, the judgment is a nullity. Restatement, Judgments, section 8 and comment b, at 46 (1942) (judgment void if there is failure to comply with requirements for exercise of power by court); 4 Moore's Federal Practice ¶ 60.-25[1] at 793 (void judgment is nullity); ¶ 60.25[2] at 301 (jurisdiction over parties is prerequisite to valid judgment); *see also* 11 Wright and Miller, Federal Practice and Procedure § 2862 at 197 (once judgment determined to be void, court must grant relief under Rule 60(b)(4); court has no discretion, and movant need neither show meritorious defense nor comply with time limit.) We therefore think we must consider whether Hospital's affidavit of merit met the requirements of Rule 4.5 as explicated in Puerto Rico case law.

Rule 4(e) of the Federal Rules provides for service on an absent party "under the circumstances and in the manner prescribed in" a statute or rule of the state in which the court is held.[6] Note 2, *supra*. Service was proper in this case, therefore, only if it was accomplished in accordance with Puerto Rico Rule 4.5.[7] Under that rule, service

6. The parties have not suggested that Puerto Rico is to be treated other than as a state for purposes of this rule.

7. Hospital contends that the federal district court applying Rule 4(e) in Puerto Rico is not bound by "the specific requirements" of Rule 4.5, and that those requirements apply only to the Commonwealth courts. This interpretation of Rule 4(e), for which Hospital cites no support, ignores the requirement that service be made "under the circumstances" prescribed in the state rule. The obvious import of this language is that the federal court must apply the state rule just as a court of the state would.

by publication may be allowed only if "it appears from such affidavit or from the verified complaint filed that a cause of action exists." Note 1, *supra*. The Supreme Court of Puerto Rico interpreted this language in *O'Sheaf v. District Court*, 38 P.R.R. 231 (1928).[8] The court there held inadequate an affidavit by the plaintiff stating that "I have made to my counsel a faithful and exact statement of the facts on which I will base my defense [sic] and that in the opinion of said counsel I have a good and sufficient defense [sic]." The court ruled that "the affidavit ... is fatally defective in not setting forth the facts from which the court could infer that the complainants had a good cause of action." *Id.*, at 234. The court refused to look to the complaint to supply the necessary factual support, since the complaint in that case, like Hospital's complaint here, was unsworn; similarly, the court would rely on "the opinion of neither counsel nor the party."

■ In the light of *O'Sheaf*, Hospital's affidavit of merit is inadequate, since it states only the opinion of counsel and recites no facts to support that opinion. Hospital argues that the complaint should be read into the affidavit, but *O'Sheaf* expressly prohibits reliance on such an unsworn complaint. Hospital contends that the complaint signed by counsel was effectively verified, since under Federal Rule 11 and the corresponding Puerto Rico rule an attorney's signature on a pleading constitutes his certification of its truth. This argument proves too much, however; if every complaint signed by counsel is effectively verified, verified complaints have significance only in *pro se* cases, and the requirement of an affidavit of merit under Rule 4.5 is eliminated whenever a plaintiff is represented by counsel. The Supreme Court of Puerto Rico has not read Rule 4.5 in that way, and we are not at liberty to do so. Hospital's complaint cannot supply the facts that are missing from its affidavit.

Hospital attempts to distinguish *O'Sheaf* on the ground that there the affidavit was by the plaintiff, stating counsel's opinion of his case, while here counsel himself states his own opinion. But the Puerto Rico court has made it clear that the opinion of counsel cannot substitute for a statement of facts supporting the claim. *O'Sheaf*, 38 P.R.R. at 234; *Goldsmith v. Villari*, 27 P.R.R. 726 (1919). Hospital points out also that *O'Sheaf* was a personal action against a Puerto Rico corporation. While these distinctions are relevant to the question of diligence in attempting service, *see supra*, we do not see their relevance to the requirement of an affidavit of merit, and Hospital offers no theory to assist us. Hospital argues also that the district court's application of Rule 4.5 on the basis of this affidavit was an exercise of its discretion which should not be disturbed on appeal. But *O'Sheaf* held that a trial court lacks discretion to apply Rule 4.5 in the absence of a sufficient affidavit, since the affidavit is a prerequisite to the court's jurisdiction. *Id.*, at 234.

Hospital's final resort is to policy arguments with which we have some sympathy. Hospital points out that an affidavit by its counsel reiterating the facts pleaded in the complaint filed by the same counsel would be repetitious and that "nothing would have been added to the affidavit that cannot be inferred from the way it was given." Were we free to do so, we might agree. But we are compelled to apply the law of Puerto Rico as the courts of the Commonwealth would apply it. Hospital has offered nothing to show that the Supreme Court of Puerto Rico has authorized departure from *O'Sheaf*, or that *O'Sheaf* is otherwise no longer controlling. Since the affidavit of merit was fatally inadequate under controlling law, we are constrained to hold that the district court lacked jurisdiction over Parque, and its judgment was void.

*The judgment is therefore vacated, and the case is remanded to the district court with directions to dismiss for lack of jurisdiction.*

---

**8.** *O'Sheaf* was decided under the former section 94 of the Code of Civil Procedure. The language of the present rule is identical in this respect to that of section 94.