**Ruben GUEVARA, et al., Plaintiffs,**

v.

**DORSEY LABORATORIES, A DIVISION OF SANDOZ, Defendant.**

**Civ. No. 84–956 HL.**

United States District Court, D. Puerto Rico.

Jan. 4, 1985.

David Efron, Hato Rey, P.R., Rolando A. Silva, San Juan, P.R., for plaintiffs.

José L. Gándara, Bauza & Dávila, Old San Juan, P.R., for defendant.

OPINION AND ORDER

LAFFITTE, District Judge.

Defendant DORSEY Laboratories, has moved this Court to quash the service of summons made upon it, for failure to comply with FRCP 4(e), and Rules 4.3, 4.4, 4.5, and 4.8 of the Puerto Rico Rules of Civil Procedure. Court Doc. # 6, return of summons, reflects that on June 7, 1984, Mary Wickenhamp personally served Dan Lavan as Managing Agent for Dorsey Laboratories in Lincoln, Ne., and also personally served C.T. Corporate Systems, Lincoln, N.E., as registered agent for Sandoz, Inc.

Dorsey argues that such service is ineffective because, one: the plaintiff failed to file an affidavit of merits prior to the designation of Mary Wickenhamp to serve process in Nebraska; and, two, that Mary Wickenhamp effected such service prior to her appointment by this Court to do so, on June 11, 1984.

The main issue raised by defendant is whether, under Rule 4 of the Puerto Rico Rules of Civil Procedure, *personal service* on a person outside of Puerto Rico may be ordered without the presence in the record of an affidavit of merits of the claim against such person.

FRCP 4(e) provides for service on an absent party under the circumstances and in the manner prescribed in a statute or rule of the state in which the Court is held. Rule 4 of the Puerto Rico Rules of Civil Procedure deals with methods of service of process. (T. 32 LPRA App. III.) Rule 4.7(b) provides that service on persons not domiciled in Puerto Rico shall be made pursuant to Rule 4.5.

Rule 4.5 provides for two kinds of service: *service by publication,* for not only absent parties, but also parties not able to be located within Puerto Rico, and also for *personal service* on absent parties, pursuant to Rule 4.3. The Supreme Court of Puerto Rico has held that *personal service,* rather than *substitute service by publica-*

*tion* is the preferred method of service, because "its personal nature complies with greater efficacy, its purpose of notifying [defendant] of the action, and for the same reason, of its greater guarantee to the due process of law than substitute summons." *Medina v. Superior Court,* 104 DPR 346, Vol. 4 Official English Translation 483,503 (1975).

Service here was personal. Defendant attacks it, arguing that Rule 4.5 requires an affidavit of merits even for personal service. Defendant cites *Medina, supra,* and *Hospital Mtg. Group, Inc. v. Parque Industrial,* 653 F.2d 54 (1st Cir.1981) in support of its argument. In *Parque Industrial,* defendant was served by publication, pursuant to Rule 4.5. However, defendant in *Parque Industrial* was not an *absent* defendant, or non-Puerto Rico domiciled. Rule 4.5 was resorted to because defendant could not be located within Puerto Rico. Therefore, substitute service, in lieu of personal service, was allowed. The First Circuit held, following the interpretation by the Puerto Rico Supreme Court of Rule 4.5, that *"service by publication* may be allowed only if it appears from such affidavit or from the verified complaint that a cause of action exists." *Parque Industrial, supra,* 653 F.2d at 57. (Emphasis added.) The Court did not discuss, nor did the facts involve *personal service* on absent parties.

The *Medina* case, *supra,* also does not support defendant's position, since the necessity of an affidavit of merits for personal service is not discussed. The Supreme Court does make clear, however, as quoted above, that personal service is much preferred to service by publication. This preference points out the danger of service by publication, the possibility that defendant may not receive *actual notice* of the claims it, and the possibility of a default judgment being entered, as happened in *Parque Industrial, supra.* For this reason, the Puerto Rico rule provides that this substitute, and less-preferred method shall only be allowed if it appears from an affidavit that an actual claim exists. See also, *O'Sheaf v. Dist.Ct.,* 38 PRR 231 (1928).

The defendant has not referred this Court to any case law from Puerto Rico interpreting Rule 4.5 and 4.3 for personal service on absent defendant *requiring* an affidavit of merits. Defendant's argument seems to imply that service by publication is to be preferred, and that personal service on absent defendants is only a second alternative. While both options are available to properly effect service under the Puerto Rico rules, it is clear from the Supreme Court's opinion in *Medina, supra,* that personal service is preferable, in that *actual notice* and opportunity to defend is given to defendant. Therefore, we cannot give any credence to defendant's argument that personal service on an absent defendant may only be allowed upon an affidavit of merits. Furthermore, the original complaint in this case was sworn to by plaintiff Elba Iris Colón Torres.

■ Defendant's second argument, that service was effected before the server was authorized to do so, is also without merit. While it is unfortunate that it was done a few days prior to this Court's authorization, the Court *did* approve Ms. Wickenhamp as process server eventually, and nothing could be gained at this time by having her re-serve defendant. Defendant has not challenged personal long arm jurisdiction, but only the method of service.

WHEREFORE, defendant's motion to quash service is hereby DENIED.

It is further ORDERED that defendant's motion to stay discovery is DENIED.

It is further ORDERED that defendant shall answer plaintiff's first set of Interrogatories within twenty days of notification of this order.

IT IS SO ORDERED.