LEVIN H. CAMPBELL, Chief Judge.
 

 This is an appeal from the district court’s denial of appellant’s motion to set aside a default judgment entered against appellant Vento Development Corp. ("Vento”), of Puerto Rico. We affirm.
 

 The litigation between the parties commenced in 1973 when Continental Mortgage Investors (“CMI”), a business trust from Massachusetts, petitioned with other creditors of Vento in the United States District Court for the District of Puerto Rico for Vento’s reorganization under Chapter X of the Bankruptcy Act. The district court approved this petition, and we affirmed in
 
 In re Vento Development Corp.,
 
 560 F.2d 2 (1st Cir.1977). Thereafter, in light of Vento’s continuing inability to meet its financial obligations, CMI obtained an order from the bankruptcy court lifting the automatic stay of proceedings against Vento for the purpose of enforcing its secured interest. The bankruptcy court had determined Vento’s corporate address to be in Hato Rey, Puerto Rico, at the address Vento had filed with the Department of State of Puerto Rico.
 
 [1]
 
 However, Mr. Felix Rosabal, Vento’s president, resident agent and (together with his wife) sole stockholder, was at this point no longer living in Puerto Rico, having moved to Miami, Florida, a fact which may have been known to some of CMI’s agents in Puerto Rico. Vento had not informed the Department of State of any change in its or its agent’s address, nor had it appointed another resident agent in Puerto Rico as required by Puerto Rico law.
 
 [2]
 

 On August 25,1980, the trustees of CMI, which at this time was also undergoing reorganization under the Bankruptcy Act, sued in the district court to collect their debt from Vento or foreclose their mortgage on Vento’s property. CMI attempted to serve its complaint on Vento in Puerto Rico but was unsuccessful on account of Rosabal’s absence from the island. CMI then filed a verified motion requesting authorization for the service of summons by publication under Fed.R.Civ.P. 4(e)
 
 [3]
 
 and
 
 *22
 
 Rule 4.5 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. tit. 32, App. III, R. 4.5.
 
 [4]
 
 Since Vento challenges the sufficiency of this document, we describe it in detail.
 

 The caption of CMI’s motion contained the name of the parties and a description of the action as a “collection of monies and mortgage foreclosure.” The text averred, inter alia, that plaintiff had tried to serve the summons and complaint on Vento through Mr. Sergio Torres, CMI’s private process server, and that Mr. Torres had been unable, despite all his efforts, to find the actual address of Vento, its resident agent or any of its officials. It was also stated that the matter of Vento’s corporate address had been adjudicated by the bankruptcy court which had found the correct address to be the one listed in the Department of State’s files. The next paragraph read: “As it fully appears from the complaint in the above captioned case, plaintiff has a valid claim against defendant.” The motion concluded with a request that service of process by publication be allowed. It was signed (but not sworn to) by one of plaintiff’s attorneys.
 

 At the end of the same page was a sworn statement by Mr. Bruce Anglin, senior asset manager of CMI, attesting to his personal circumstances and affirming that “he has read the foregoing motion and that the facts stated in the same are correct and true” and that “he is familiarized with the claim in the above captioned action and that he believes that CMI has a meritorious and valid claim.”
 

 The motion was accompanied by three exhibits which were alluded to in its text: (1) an affidavit by Mr. Torres testifying that his attempts to find and serve process on Vento’s resident agent in Puerto Rico had been unsuccessful and explaining the steps he had taken trying to do this; (2) a copy of a verified motion to set evidentiary hearing that had been filed by Mr. Rosabal in the bankruptcy court whereby he sought to reopen the bankruptcy proceedings on the grounds that he had not been notified, his current address being in Florida, not Puerto Rico; and (8) a copy of an opinion by the bankruptcy court denying Rosabal’s and other motions by Vento in which it was mentioned by the court that CMI was a “secured creditor” of Vento, and in which it was held that Vento was estopped from alleging lack of notification because Vento had itself failed to inform the court of the change of address of its resident agent.
 

 Plaintiff’s motion to serve by publication was allowed by the district court. Notice was accordingly published in a newspaper in. Puerto Rico. A copy of the summons was also sent by mail to the Hato Rey address that Vento had listed with the Department of State. Vento did not answer. In the meantime, CMI transferred its credit against Vento to appellee Senior Loiza Corp. (“Senior”) of Puerto Rico. Senior was substituted as plaintiff in the action. A default judgment was entered against Ven-to on December 3, 1981, and executed shortly after. The mortgaged property was sold to a third party.
 

 On May 3, 1984, Vento moved under Fed.R.Civ.P. 60(b) to set aside the judgment
 
 *23
 
 and declare the sale null on the ground that process had not been correctly served under Puerto Rico Rule 4.5. Vento complained (1) that notice had not been sent to its last known address in Florida, and (2) that the affidavit accompanying the motion was deficient under the rule in that it did not set forth sufficient facts justifying the granting of relief against the person to be served,
 
 i.e.,
 
 Vento.
 

 The district court denied Vento’s motion. It held that under
 
 Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas,
 
 653 F.2d 54 (1st Cir.1981), notice had been correctly sent to the address listed with the Department of State of Puerto Rico. With respect to Vento’s second claim, it concluded that “the reference in the verified motion to the facts alleged in the complaint effectively converted the complaint into a verified one,” thus entitling the court to rely on the allegations contained therein under Rule 4.5.
 

 We agree with the district court that the first of Vento’s contentions is foreclosed by
 
 Hospital Mortgage.
 
 There we considered an argument by a corporate defendant that service could and should have been made on its president, whose address was personally known to plaintiff, instead of resorting to service by publication under Rule 4.5. Noting that under the laws of the Commonwealth of Puerto Rico, a corporation has a duty to make its address known by maintaining an accurate record with the Department of State, we said,
 

 [hjaving failed to keep its public records up to date, [defendant] is in no position to complain that [plaintiff] relied on the Commonwealth’s outdated records rather than conducting and relating an extensive investigation or drawing on personal knowledge of its officers regarding the residence of [defendant’s] president.
 

 Hospital Mortgage,
 
 653 F.2d at 56. The Supreme Court of Puerto Rico has since ruled that when defendant is a corporation, plaintiff complies with the requirements of Rule 4.5 when he relies on the information filed with the Department of State, no other investigation being necessary.
 
 See Hach Co. v. Pure Water Systems, Inc.,
 
 — P.R.R. —, 83 J.T.S. 32 at 3098 (1983).
 

 Vento claims that its situation is distinguishable because at the time the action was filed Vento had ceased doing active business and was undergoing bankruptcy proceedings. This is no reason, however, for exemption from its obligations to give notice of any change of address and keep a resident agent in Puerto Rico. If anything, the obligation to do so was greater. Nor does it avail Vento that the Rosabais were the sole stockholders or that Mr. Rosabal was both Vento’s president and resident agent. As the district court correctly observed,
 

 the ... complaint was filed against Ven-to not against its president. Irrespective of the residence of its president, Vento is required by Section 102 of the General Corporations Law, 14 L.P.R.A. § 1102 to keep its address on file in the Department of State, and it is at that address that service of process must be effected.
 

 Vento’s second contention is that CMI’s affidavit accompanying its motion to serve by publication was inadequate. Rule 4.5 requires that plaintiff’s “affidavit ... or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action.”
 
 [5]
 
 This requirement, derived from a similar provision in a California statute,
 
 [6]
 
 is
 
 *24
 
 interpreted in a strict and technical manner.
 
 See Garcia & Gonzalez v. Registrar,
 
 41 P.R.R. 663 (1930);
 
 O’Sheaf v. District Court,
 
 38 P.R.R. 231 (1928);
 
 Goldsmith v. Villari,
 
 27 P.R.R. 726 (1919). Rule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication, and any significant failure to comply with its requirements will cause the nullity of the judgment.
 
 See Ortiz v. The Crescent Trading Co.,
 
 69 P.R.R. 464, 468-69 (1949);
 
 Cerda v. Osorio,
 
 65 P.R.R. 315, 320 (1945);
 
 McCormick v. McCormick,
 
 61 P.R.R. 812, 814-15 (1943).
 
 See also Gibbs v. Paley,
 
 354 F.Supp. 270, 272 (D.P.R.1973).
 

 In keeping with the above-cited authorities, we held in
 
 Hospital Mortgage,
 
 653 F.2d 54, that a plaintiff does not comply with Rule 4.5 if he provides only an affidavit as to his personal belief that he has a valid claim. That his
 
 unverified
 
 complaint sets out the factual underpinnings of his claim is not enough.
 
 Id.
 
 at 57. We relied in
 
 Hospital Mortgage
 
 on
 
 O'Sheaf v. District Court,
 
 38 P.R.R. 231, where the Supreme Court of Puerto Rico overturned a judgment based on service obtained through a general affidavit of this nature. The court said in
 
 O'Sheaf,
 

 The affidavit ... is fatally defective in not setting forth the facts from which the court could ipfer that complainants had a good cause of action. It has also been decided that the opinion of neither counsel nor the party could avail a complainant on whether a good cause of action existed.
 

 This is not a case where the discretion of the court is involved and greater liberty may be allowed in the construction of affidavits ..., but the affidavit is one that is a condition precedent to giving the court jurisdiction.
 

 Id.
 
 at 234 (citations omitted).
 
 See also Goldsmith v. Villari,
 
 27 P.R.R. at 735.
 
 Cf. Mundo v. Fuster,
 
 87 P.R.R. 343, 350-51 (1963) (affidavit supporting petition under Rule 4.5 must state specific probative facts showing that due diligence has been employed to locate defendants and not mere generalities or hearsay evidence);
 
 Danis v. Municipal Court,
 
 57 P.R.R. 815, 817-19 (1940) (same);
 
 Miranda v. Heirs of Alicea,
 
 52 P.R.R. 247, 252-53 (1937) (same).
 

 The strictness of the requirement is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant — publication—that is quite likely to go unobserved. It is thus important for the court to ascertain reliably that plaintiff has a good cause of action. As the Supreme Court of California has said,
 

 [O]n the determination of this jurisdictional fact, the ultimate adjudication of the rights of the defendant is made to turn. The application for the order is made
 
 ex parte.
 
 The defendant is not heard and has no opportunity to object to the kind of proof offered. He therefore waives nothing by failure to object, and it behooves those who are seeking to acquire jurisdiction over him to see that they present legal testimony which tends, in some degree, to establish the essential jurisdictional facts.
 

 Forbes v. Hyde,
 
 31 Cal. 342, 355 (1866).
 
 See Sanford v. Smith,
 
 11 Cal.App.3d 991, 90 Cal.Rptr. 256, 260-61 (1970) (test for the sufficiency of an affidavit is whether it is so clear and specific that an indictment for perjury may be sustained if the facts alleged are false);
 
 In re Behymer,
 
 130 Cal.App. 200, 203, 19 P.2d 829 (1933) (same).
 

 Here, the affidavit appearing at the end of the verified motion did not aver facts that would justify relief against Ven-to. Mr. Anglin’s general statement that “he is familiarized with the claim in the above captioned action and that he believes that CMI has a meritorious and valid claim” is insufficient in light of
 
 O'Sheaf
 
 and
 
 Hospital Mortgage. See also Forbes v. Hyde,
 
 31 Cal. 342 (affidavit stating that deponent “has a good cause of action in this suit against defendant and that he is a
 
 *25
 
 proper party defendant thereto, as he verily believes” is not enough).
 

 The district court, to be sure, ruled that plaintiffs counsel had made a reference to the complaint in the text of the motion, reasoning that this had been incorporated into the affidavit by the affiant’s assertion that “he has read the foregoing motion and that the facts stated in the same are correct and true.” The court believed this had the effect of incorporating the complaint into the affidavit, transforming it into a verified complaint. But the affidavit only purports to verify the facts stated in the
 
 motion
 
 ; it does not refer to the complaint. The net result was, at best, verification of the language in the motion stating, “As it fully appears in the complaint in the above captioned case, plaintiff has a valid claim against defendant.” While this goes part of the way, it falls short of amounting to an assertion that the person signing the affidavit swears to the truth of the facts in the complaint.
 
 [7]
 

 Verification of a complaint may indeed be accomplished by reference in the affidavit, but an intent to incorporate must be more clearly stated than here.
 
 See Lima v. Lima,
 
 26 Cal.App. 1, 7, 147 P. 233 (1914) (affidavit stating “I have fully and fairly stated the facts of this case to Mr____, who is my counsel, and I am by him informed and I verily believe that I have a good cause of action in this suit against the said defendant, as will fully appear by my complaint now on file herein, to which reference is hereby made and the said defendant ..., is a necessary and proper party defendant thereto, as I am advised by my said counsel, after such statement made as aforesaid, and as I verily believe” is insufficient to incorporate the complaint).
 
 Compare Davis-Heller-Pearce Co. v. Ramont,
 
 66 Cal.App. 778, 780-81, 226 P. 972 (1924) (affidavit stating that “Affiant states that he has read the complaint on file herein and knows the content, thereof, and the same is true of his own knowledge, except as to those matters therein stated on information or belief, and as to those matters he believes it to be true” held enough to incorporate the complaint);
 
 Ligare v. California Southern Rail Co.,
 
 76 Cal. 610, 611-12, 18 P. 777 (1888) (statement in affidavit that “The affidavit refers to the verified complaint on file herein, and which is made part and portion of this affidavit” is enough). We are thus unable to agree with the district court that the affidavit, by itself, is sufficient to satisfy the requirements of Rule 4.5. It does not convert the complaint to a verified complaint.
 

 We find, however, that the district court’s decision should be affirmed for a different reason. Buttressing the sworn motion’s conclusory assertion that “plaintiff has a valid claim against defendant” is the significant fact, appearing in an opinion and order of the bankruptcy court that is attached as an exhibit to the verified motion, that CMI is a “secured creditor” with respect to the bankrupt defendant. Consistent with this description, the verified motion recites that the plaintiff’s action is one for “collection of monies and mortgage foreclosure.” And CMI’s status as a petitioning creditor of Vento’s was confirmed, and the amount of its secured claim stated, in this court’s published opinion in
 
 In re Vento Development Corp.,
 
 560 F.2d 2 (1st Cir.1977). We held there that CMI was a proper petitioning creditor of Vento’s, and we rejected Vento’s own argument that being a secured creditor CMI could not be a petitioning creditor.
 
 Id.
 
 at 5. The district court was fully aware of these facts and could properly take judicial notice of them since they were set forth in our opinion.
 
 [8]
 

 See Shuttlesworth v. Birmingham,
 
 394 U.S. 147, 157, 89 S.Ct. 935, 942, 22 L.Ed.2d 162 (1969);
 
 NLRB v. Gass,
 
 377 F.2d 438,
 
 *26
 
 442 (1st Cir.1967);
 
 Green v. Warden, U.S. Penitentiary,
 
 699 F.2d 364, 369 (7th Cir.1983), ce
 
 rt. denied,
 
 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983);
 
 United States v. Wilson,
 
 631 F.2d 118, 119 (9th Cir.1980);
 
 St. Louis Baptist Temple, Inc. v. FDIC,
 
 605 F.2d 1169, 1172 (10th Cir.1979).
 

 We are satisfied that the foregoing provided sufficient substantiation of the affidavit’s otherwise conclusory assertion that plaintiff had a valid claim against defendant. The district court could, in these circumstances, ascertain reliably that plaintiff’s claim “justifped] the granting - of some relief.”
 
 See
 
 note 4,
 
 supra.
 
 We hold, therefore, that the provisions of Rule 4.5 were met and that the district court obtained jurisdiction over appellant.
 

 Affirmed.
 

 [1]
 

 . Under the General Corporation Law of Puerto Rico, P.R. Laws Ann. tit. 14, § 1102 (1978), all corporations organized under the laws of Puerto Rico are required to furnish to the Department of State of Puerto Rico the address of its principal office or place of business and the name of its resident agent.
 

 [2]
 

 . P.R.Laws Ann. tit. 14, § 1302 (1978), provides:
 

 The board of directors of any corporation' organized under the laws of this Commonwealth may change the location of the principal office or place of business of the corporation within this Commonwealth to any other place within this Commonwealth by resolution adopted at a regular or special meeting of the board. By like resolution, the resident agent of a corporation may be changed to any other natural or juridical person. In either such case, the resolution shall be as detailed in its statement as is provided in subsection (a)(2) of section 1102 of this title. Upon the adoption of a resolution as aforesaid, a copy thereof shall be filed in the office of the Department of State signed by the president or a vice-president and the secretary or an assistant secretary of the corporation, and sealed with its corporate seal; and a certified copy shall be recorded in the office of said Department where it shall be subject to inspection by the public. For filing the certificate, the Department of State shall charge the fee prescribed in section 2501(a)(10) and (c)(8) of this title.
 

 [3]
 

 . It provides in pertinent part:
 

 Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons
 
 *22
 
 upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.
 

 [4]
 

 . This rule provides in pertinent part:
 

 The court shall issue an order providing for service by publication when process is to be served on a person outside Puerto Rico or on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him, when the person goes into hiding to avoid being served with process, or when process is to be served on a foreign corporation with no resident agent, provided one of the above is proved to the satisfaction of the court in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action.
 

 [5]
 

 . The text of the present rule differs slightly from the version we considered in
 
 Hospital Mortgage
 
 which required that it appear from the affidavit or from the verified complaint filed that "a cause of action exists which warrants the granting of relief against the person upon whom service is to be made or that such person is a necessary or legitimate party to the action.” This difference seems inconsequential.
 
 See generally
 
 the comment to the Spanish version of the rule in 32
 
 Leyes de Puerto Rico Anotadas,
 
 App. III, R. 4.5 (1983).
 

 [6]
 

 .
 
 Former Cal. Civil Procedure Code §
 
 412.
 
 This section has been amended and replaced by Cal. Civil Procedure Code § 415.50 (West Supp. 1985). The Supreme Court of Puerto Rico has often followed California precedents in this area.
 
 See O’Sheaf v. District Court,
 
 38 P.R.R.
 
 *24
 
 231 (1928);
 
 Goldsmith v. Villari,
 
 27 P.R.R. 726 (1919).
 

 [7]
 

 . The Supreme Court of Puerto Rico has made clear that a court may not rely on an unverified complaint to supply the required facts.
 
 See O’Sheaf,
 
 38 P.R.R. at 234;
 
 Goldsmith v. Villari,
 
 27 P.R.R. at 735.
 
 See also Hospital Mortgage,
 
 653 F.2d at 57.
 

 [8]
 

 . The district court could also take judicial notice that CMI had obtained an order lifting the bankruptcy stay. This implied that CMI, initially at least, had satisfied the bankruptcy court that Vento did not have any equity in the contested property.
 
 See
 
 11 U.S.C. § 362(d) and (g).