The CULEBRA CONSERVATION AND DEVELOPMENT AUTHORITY, Plaintiff,

v.

The WIT POWER II; West Indies Transport Co., et al., Defendants.

Civ. No. 82–2933(PG).

United States District Court, D. Puerto Rico.

Nov. 1, 1985.

**84.** *Goldwasser & Wasserman, id.,* at 953, 954.

**85.** 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Vanessa Ramírez Martínez, Dept. of Justice, San Juan, P.R., for plaintiff.

David Indiano, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Present before this Court is plaintiff, The Culebra Conservation Development Authority's (hereinafter "Culebra") belated opposition to Magistrate Dennis A. Simonpietri's Report and Recommendation of March 18, 1985. In essence, in his report and recommendation, Magistrate Simonpietri recommends that defendant West Indies Transport Co., Inc.'s (hereinafter "WIT") motion to set aside a default judgment entered against it on October 27, 1983, be granted, and that the case be dismissed without prejudice. Although we issued an Order on April 2, 1985, adopting *in toto* the Magistrate's Report and Recommendation,[1] the Court has decided, in fairness to all parties, to consider plaintiff's opposition in an attempt to set this matter at rest. Defendant WIT has filed a reply to plaintiff's opposition.

The relevant factual and procedural background of the instant case can be summarized as follows. On or about December 7, 1981, the barge Wit Islander II, while being maneuvered by the tugboat Wit Power II, collided with and damaged a pier owned and operated by plaintiff in the Island of Culebra, Puerto Rico. Plaintiff

---

1. Our Order adopting the Magistrate's Report and Recommendation was based on its sound legal reasoning and the fact that the conclusions therein stated were in harmony with existing jurisprudence, as well as the fact that plaintiff had not filed an opposition as of the time we entered our Order. As to the latter fact, it appears that a copy of the Magistrate's report was not sent to the Department of Justice, but was rather sent to attorney Hans H. Hertell, who had filed a motion to withdraw as plaintiff's counsel on February 7, 1985. (Based on this fact, attorney Vanessa Ramírez, who assumed the plaintiff's legal representation upon attorney Hertell's withdrawal, filed a motion under F.R.Civ.P. 60(b)(b) for relief from our Order of April 2, 1985, adopting the Magistrate's Report and Recommendation and dismissing the case.) However, it appears that attorney Hertell's motion for leave to withdraw was not, at any rate, acted upon until April 2, 1985, when the Court entered a footnote order granting the same. Thus, technically, attorney Hertell was the attorney for plaintiff at the time the Magistrate's report was filed and served on the parties' legal representation.

However, we are not going to be "bugged down" with such technicalities. Instead, we will proceed to review the Magistrate's report in light of plaintiff's opposition thereto. As will become apparent upon a reading of this opinion and order, our renewed review has only served to reaffirm our convictions that the Magistrate's conclusions and recommendations were indeed well grounded in law and fact, and, thus, our Order of April 2, 1985, is hereby reaffirmed for the reasons set forth below.

then filed the verified complaint in this case against the two vessels (the tug Wit Power II and the barge Wit Islander II), WIT, and Wit Power Corporation, alleging that WIT and Wit Power Corporation, as the owners of the two vessels involved in the collision, were liable to it for the damages caused to its pier in Culebra. Since the vessels were never arrested, no *in rem* jurisdiction was ever acquired.

Plaintiff then filed a motion entitled "Motion for Order of Service Under F.R.Civ.P. 4(e)," essentially invoking *in personam* jurisdiction over defendant corporations pursuant to Puerto Rico Rule of Civil Procedure 4.7, and requesting leave of the Court to serve defendants by publication pursuant to Puerto Rico Rule of Civil Procedure 4.5,[2] as allowed by Federal Rule of Civil Procedure 4(e).[3] In said motion, plaintiff alleged that defendants WIT and Wit Power Corporation were "upon information and belief" corporations "organized and existing under the laws of and with their principal place of business in a jurisdiction other than the Commonwealth of Puerto Rico." Plaintiff further averred that defendant corporations "have not registered

to do business in the Commonwealth of Puerto Rico and have not appointed an agent for receipt of service of process in this district." However, neither the complaint nor the motion for order of service described the specific steps taken to locate defendants within this district. No exhibits accompanied the motion for order of service. At the end of the complaint, however, was a sworn statement by Hilda Diaz Soltero, President of the Board of Directors of the Culebra Conservation and Development Authority, attesting to her personal circumstances and affirming that she "had read the foregoing complaint and [knew] the contents thereof and the same [was] true to the best of her knowledge and belief . . . ."

Plaintiff's motion for service by publication pursuant to Puerto Rico Rules of Civil Procedure 4.5 was granted in our Order entered on January 19, 1983. In an attempt to comply with the requirements of Rule 4.5, notice was published in a newspaper of general circulation in Puerto Rico, and defendants were sent a copy of the summons and the complaint by certified

---

2. P.R.R.Civ.P. 4.5 provides as follows:

The court shall issue an order providing for service by publication when process is to be served on a person outside Puerto Rico or on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him, when the person goes into hiding to avoid being served with process, or when process is to be served on a foreign corporation with no resident agent, provided one of the above is proved to the satisfaction of the court in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action. The return of process, unexecuted, shall not be a prerequisite for an order for service by publication.

The order shall provide that the notice be published once in a daily newspaper of general circulation in Puerto Rico. The order shall further provide that, within the next ten (10) days following the publication of the notice, the defendant shall be sent a copy of the summons and of the complaint filed, by certified mail, return receipt requested, to his last known address, unless a sworn statement is made justifying that in spite of the steps tak-

en, which shall be stated, it has been impossible to find any known address of the defendant, in which case the court will exempt plaintiff from complying with this provision.

3. F.R.Civ.P. 4(e) provides as follows:

Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

mail, return receipt requested, to their last known address in the Virgin Islands. Neither WIT nor Wit Power Corporation filed an answer to the complaint. Consequently, at plaintiff's request, the Clerk of the Court entered default against both defendants, and the Court referred the case to the United States Magistrate for a hearing on default and the submission of a report and recommendation. After the trial on default was held before Magistrate Simonpietri, the Court entered an Order on October 7, 1983, approving the Magistrate's Report and Recommendation and ordering the Clerk of the Court to enter Judgment in favor of plaintiff and against defendant West Indies Transport Corporation.[4] Judgment was entered on October 27, 1983.

Subsequently, WIT filed a motion pursuant to F.R.Civ.P. 60(b)(4) to set aside the default judgment on the ground, among others, that service of process was not performed in accordance with P.R.R.Civ.P 4.5. Thus, WIT asserted that no jurisdiction had been acquired over the defendant. Plaintiff, Culebra, filed an opposition to WIT's motion to set aside the Court's judgment, and WIT filed a reply to plaintiff's opposition. WIT's motion, together with Culebra's opposition, were referred to the U.S. Magistrate.

On March 18, 1985, Magistrate Simonpietri filed a very detailed and well-reasoned report and recommendation. In said report, Magistrate Simonpietri concluded that plaintiff indeed failed to comply with the requirement of P.R.R.Civ.P. 4.5 of showing, under oath, that West Indies Transport Co., Inc., has no resident agent within Puerto Rico. In view of the fact that the requirements of Rule 4.5 were not complied with,[5] the Magistrate concluded that proper service on WIT was not accomplished; and, thus, that the judgment entered by the Court was void for lack of jurisdiction. *See, Hospital Mortgage Group, Inc. v. Parque Industrial Rio Cañas, Inc.,* 653 F.2d 54, 56 (1st Cir.1981). Therefore, the Magistate recommended that WIT's motion under F.R.Civ.P. 60(b)(4) to set aside the judgment be granted and that the case be dismissed without prejudice. After thorough consideration of the Magistrate's Report and Recommendation, and in view of its sound legal reasoning and the fact that it was in harmony with existing jurisprudence, we entered an Order on April 2, 1985, adopting the report *in toto* and instructing the Clerk of the Court to proceed accordingly.[6]

Plaintiff then filed its belated opposition to the Magistrate's Report and Recommendation, which, as we stated before, we will proceed to consider, together with WIT's reply, in the interest of justice. We note first that upon objections being made to a magistrate's report and recommendation, we are required to make a *de novo* review of the matters included in the report to

---

**4.** The complaint against Wit Power Corporation was dismissed in view of the fact that no evidence was produced at the trial on default to support a cause of action against it. Plaintiff has not contested the dismissal of the complaint against defendant Wit Power Corporation.

**5.** The Magistrate correctly noted that whenever service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. *See, Gibbs v. Paley,* 354 F.Supp. 270, 272 (D.P.R.1973). *See also, Hospital Mortgage Group, Inc. v. Parque Industrial Río, Cañas, Inc.,* 653 F.2d at 57. The Supreme Court of Puerto Rico, in turn, has invariably insisted upon strict compliance with the requirements for service outlined in the Puerto Rico Rules of Civil Procedure, notably, Rule 4.5. *See, Gibbs v. Paley, supra. See also, Ortiz v. The Crescent Trading Co.,* 69 P.R.R. 464,

468 (1949); *García & González v. Registrar,* 41 P.R.R. 663 (1930); *O'Sheaf v. District Court,* 38 P.R.R. 231 (1928); *Goldsmith v. Villari,* 27 P.R.R. 726 (1919). Specifically, in a very recent case, the United States Court of Appeals for the First Circuit, relying on cases from the Supreme Court of Puerto Rico, recognized that "[r]ule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication, and any significant failure to comply with its requirements will cause the nullity of the judgment." *Senior Loíza Corporation v. Vento Development Corporation,* 760 F.2d 20, 24 (1st Cir.1985), *citing, Ortiz v. The Crescent Trading Co.,* 69 P.R.R. at 468–69; *Cerda v. Osorio,* 65 P.R.R. 315, 320 (1945); *McCormick v. McCormick,* 61 P.R.R. 812, 814–15 (1943); *Gibbs v. Paley,* 354 F.2d, at 272.

**6.** See footnote 1, *supra,* and accompanying text.

which objections are made. 28 U.S.C. § 636(b)(1)(C).

In essence, plaintiff Culebra opposes the Magistrate's reliance on *Hospital Mortgage Group, Inc. v. Parque Industrial Rio Cañas, Inc., supra.* Culebra asserts that *Hospital Mortgage* should not be followed because the Court of Appeals in that case misinterpreted a decision of the Supreme Court of Puerto Rico regarding the requirements for service by publication under the precursor to Puerto Rico Rule 4.5. Plaintiff implicitly suggests that we disregard the law in this circuit.

Initially, we note that it is a matter of general knowledge that a United States district court has no jurisdiction to review or reverse the decision of a United States court of appeals. The First Circuit Court of Appeals establishes the rule of law in this Circuit and the district courts within the circuit must follow that rule unless the Court of Appeals reverses itself or is reversed by the United States Supreme Court. *Hospital Mortgage* has not been reversed. In fact, the First Circuit Court of Appeals relied on that case in a very recent opinion discussed below, to wit: *Senior Loiza Corporation v. Vento Development Corporation,* 760 F.2d 20 (1st Cir. 1985). Thus, to the extent that plaintiff's opposition to the Magistrate's report amounts to a novel request that we reverse an opinion of the First Circuit, it is plainly something which lies outside the jurisdiction of this district court.

However, regardless of whether or not this Court may reverse a decision of the First Circuit Court of Appeals, we also note that plaintiff's characterization of the Magistrate's reliance on the *Hospital Mortgage* case is simply wrong. The Magistrate did

not rely on *Hospital Mortgage* for the proposition that Rule 4.5 requires any plaintiff seeking to serve a defendant by publication to submit an affidavit of due diligence.[7] The U.S. Magistrate could not have, and did not, so read *Hospital Mortgage* because nowhere in that case does the Court of Appeals even infer such a proposition. Quite to the contrary, the Magistrate explicitly stated, citing a recent Supreme Court of Puerto Rico case, that the required showing, under oath, that attempts were made to serve a defendant personally, and which steps were taken, is applicable only to cases in which the defendant, though being in Puerto Rico, cannot be located or hides to avoid service of process, or when the defendant is outside of Puerto Rico and his or her residence and whereabouts are unknown. *See, Pagán v. Rivera Burgos,* —— D.P.R. ——, 83 J.T.S. 8, p. 3006 (1983). In the *Pagán* opinion, the Supreme Court, at footnote 4, quoted the following passage from its opinion in *Davis v. Municipal Court,* 57 P.R.R. 815, 819 (1940):

> If the plaintiff in its affidavit had positively declared that the defendants resided in a particular place outside of Puerto Rico, then it would not have been necessary to state the steps taken to find them in Puerto Rico, for the law, resting as it does on sound principle (sic) of logic, does not require futile things, and it would have been useless to try to locate them in Puerto Rico when it was positively known that they were outside of this jurisdiction. In the case at bar, as we have seen, the affidavit fails to state positively that the defendants resided outside of this Island at the time of the making of the affidavit.

7. Rather, the U.S. Magistrate cited *Hospital Mortgage* for the proposition that an attorney's signature in a motion is not a substitute for an affidavit for purposes of complying with Rule 4.5, and for the further propositions this Court must follow the interpretations by the Supreme Court of Puerto Rico of the procedural rules of the Commonwealth when service is attempted pursuant to those rules, and that said Court insists upon strict compliance with the requirements of service. *See,* 653 F.2d at 57. The

Magistrate also relied on *Hospital Mortgage* to the effect that once a court determines a judgment to be void, the court must grant relief under F.R.Civ.P. 60(b)(4). *Id.,* at 56. We find the Magistrate's reading of *Hospital Mortgage* to be correct and exactly on point. Moreover, we should point out that *Hospital Mortgage* did not so much deal with the requirement of showing due diligence in locating a defendant, but rather, with the other requirement embodied in Rule 4.5 of filing an affidavit of merit.

The *Davis* case was decided under the former Section 94 of the Puerto Rico Code of Civil Procedure, the precursor to Rule 4.5, which provided a more rigorous procedural standard than Rule 4.5. We believe that if under a more rigorous procedural standard a plaintiff did not have to file an affidavit of due diligence in cases in which the defendant is outside of Puerto Rico *at a known address*, then certainly under current Rule 4.5 it would be even more futile to require such an affidavit, provided that plaintiff states, under oath, the *particular* address of the defendant outside of Puerto Rico. *See, Pagán, supra.*

■ In the case at bar, we find that the plaintiff complied with the requirement of stating, under oath and with particularity, the address of defendant WIT outside of Puerto Rico. *See* Affidavit of Compliance filed on March 30, 1983. We thus agree with the Magistrate that in the instant case plaintiff did not have to file an affidavit stating the efforts made to locate and serve defendant personally since the Supreme Court of Puerto Rico clearly has interpreted Rule 4.5 so as not to require such a futile act when the person to be served is outside of Puerto Rico, *but* his address is known by the plaintiff.

■ However, this is not to say that plaintiff herein complied with all the requirements for service of Rule 4.5. As the Magistrate very well pointed out, plaintiff Culebra did not meet the rule's requirement of proving to the satisfaction of the Court, by affidavit, that defendant WIT is a foreign corporation "with no resident agent in Puerto Rico." P.R.R.Civ.P. 4.5. In its complaint, plaintiff alleges as follows:

5. Defendant, West Indies Transport, is a corporation or a business entity in the nature of a corporation, organized and existing pursuant to the laws of the U.S. Virgin Islands and with its principal place of business in Saint Thomas.

6. In the alternative, defendant West Indies Transport, is a corporation or a business entity in the nature of a corporation, organized and existing pursuant

to the laws of and with its principal place of business in a jurisdiction other than the commonwealth of Puerto Rico.

In neither of those allegations does plaintiff state that WIT has no resident agent in Puerto Rico. All Culebra states is that WIT is either a corporation organized and existing pursuant to the laws of the Virgin Islands and having its principal place of business in Saint Thomas, or a corporation organized and existing pursuant to the laws of and with principal place of business in a jurisdiction *other* than Puerto Rico. For all we know, defendant WIT could very well be either one of those two things, and yet, have a resident agent in Puerto Rico.

Moreover, in its motion for an order for service by publication, plaintiff asserts, through counsel, that:

(1) Upon information and belief, defendants Wit Power Corporation and West Indies Transport are business entities in the nature of a corporation organized and existing under the laws of and with their principal place of business in a jurisdiction other than the Commonwealth of Puerto Rico.

(2) Wit Power Corporation and West Indies Transport have not registered to do business in the Commonwealth of Puerto Rico and have not appointed and agent for receipt of service of process in this district.

Again, we find ourselves in agreement with the U.S. Magistrate to the effect that these statements by plaintiff's counsel do *not* comply with the Rule 4.5 requirements either because the motion for service by publication is not supported by an affidavit of the plaintiff and, as we mentioned above, the attorney's signature in the motion is not a substitute for an affidavit. *Hospital Mortgage*, 653 F.2d at 57. Thus, we must conclude, as did the Magistrate, that neither plaintiff's allegations in the verified complaint, nor the statements in the motion for service by publication are sufficient to meet the strict standards of Rule 4.5 as interpreted by the Supreme Court of Puerto Rico.

As we discussed above, in view of the fact that the Puerto Rico Supreme Court insists upon strict compliance with the requirements of Rule 4.5 and that said rule sets out the *exclusive method* for obtaining jurisdiction over a party by way of publication, any significant failure to comply with its requirements will cause the nullity of the judgment. Consequently, since plaintiff Culebra did not comply with the requirements of Rule 4.5, we are constrained to hold that we lacked jurisdiction over WIT and that our previous judgment is void.

However, plaintiff argues in its opposition that when the defendant is a "non-domestic corporation" with no resident agent within Puerto Rico, all that is required to accomplish service by publication is for plaintiff to file a negative certification from the Commonwealth Department of State showing that said corporation does not have a resident agent in Puerto Rico. It then seems to suggest that dismissal of the case is not proper because it filed such a negative certificate. Regardless of whether or not plaintiff's argument is valid, plaintiff apparently is forgetting that it did not file the negative certificates from the State Department until May 1, 1985, nearly two years *after* default judgment was entered. We do not believe that we should allow an amendment to the service of process under P.R.R.Civ.P. 4.9, or F.R. Civ.P. 4(h) at this stage of the proceedings in this case. Both of these rules allow for an amendment *"unless* it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." (Emphasis added). Clearly, an amendment at this point would obviously prejudice a party adjudged in default. *Austin v. Smith*, 312 F.2d 337 (D.C.Cir.1962). Consequently, no relief will be afforded to plaintiff under these rules.

WHEREFORE, for the reasons stated above, we REAFFIRM our footnote order of April 2, 1985, adopting the U.S. Magistrate's Report and Recommendation. Plaintiff's opposition to the Magistrate's Report and Recommendation is hereby DENIED. The Clerk of the Court is hereby ORDERED to vacate the default judgment entered on October 27, 1983, and to ENTER A NEW JUDGMENT DISMISSING, WITHOUT PREJUDICE, the instant case.

IT IS SO ORDERED.