**ELISAN ENTERTAINMENT, INC., d/b/a Saneli Music Publishing, et al., Plaintiffs,**

v.

**Claudine Anouk Bono SUAZO; Nancy Suazo, Defendants.**

**CIVIL NO. 02–1167 (DRD).**

United States District Court, D. Puerto Rico.

March 6, 2002.

Jose R. Franco-Rivera, San Juan, PR, for plaintiffs.

*OPINION AND ORDER*

DOMINGUEZ, District Judge.

Plaintiffs filed this complaint for copyright violations, on February 6, 2002, pursuant to 17 U.S.C. 501 et seq. (Docket No. 1). Then, on February 20, 2002, Plaintiffs filed a Motion Requesting Leave to Serve Summons by Publication. (Docket No. 2). In their motion, Plaintiffs assert that the Defendants are residents of the Dominican Republic, and that their address in that country is "Ave. Pasteur 254, Sector Gazcue, Santo Domingo, Dominican Republic." They have requested permission from this Court to authorize the service of summons by publication. For the reasons that follow, Plaintiffs' motion is hereby **DENIED**.

**I**

**Fed.R.Civ.P. 4(f)(1)**

Provided Plaintiffs do not make reference to any rule, the Court assumes their request for authorization to serve Defendants through publication is being made pursuant to Fed.R.Civ.P. 4(e)(1). The Federal Rules of Civil Procedure do not provide for service through publication. However, Rule 4(e)(1)

provides for service on an individual "under the circumstances and in the manner prescribed in" a statute or rule of the state in which the court is held. Service of process under this rule, thus, would require the use of Puerto Rico's Rule 4.5. *See* 32 P.R. STAT. ANN., App. III, R. 4.5 (Supp.1998); *see also Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc.*, 653 F.2d 54 (1st Cir.1981)(when a claimant in the District of Puerto Rico intends to serve process by publication, pursuant to FED.R.CIV.P. 4(e), the Court must apply Puerto Rico Rule 4.5). However, while it is true that the current FED.R.CIV.P. 4(e)(1) permits the use of state law to perform extraterritorial service, by its own terms, its usage is strictly limited to service upon individuals within "**any judicial district of the United States.**" *See* 4B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1112–1113 (3d ed. 2002)(Rule (e)(1) "permits service in any judicial district of the United States"). Thus, since Defendants are not residents of any judicial district of the United States, but of a foreign country (the Dominican Republic), Plaintiffs' reliance on FED.R.CIV.P. 4(e)(1) is misplaced. Rather, the Court finds that service of process of Defendants in this case must be made pursuant to FED.R.CIV.P. 4(f).

Rule 4(f) of the Federal Rules of Civil Procedure provides for the manner of service of process upon individuals residing in a for-

eign country, by setting forth a series of methodologies. From the outset, Rule 4(f) provides two (2) basic methods for serving process abroad: The first, is by relying on the procedures established in any international treaty that might exist between the United States and the designated foreign country, provided these are means "reasonably calculated to give notice"; the second is applicable only "when there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that services is reasonably calculated to give notice." *See* FED. R.CIV.P. 4(f)(1) & (2). Accordingly, when a party seeks to serve process on an individual **residing in a foreign country,** the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1).[1] If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).[2] See FED.R.CIV.P. 4(f)(2)(A) thru (C).[3]

---

1. The United States, a member state of the Hague Conference on Private International Law, ratified the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters on August 24, 1967, and began enforcing it on February 10, 1969. The Dominican Republic is not, however, a member state of the Hague Conference on Private International Law, and has never ratified or signed the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The Hague Conference on Private International Law web site is *http://www.hcch.net*. A copy of the Hauge Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965 is available at the web site for the Hague Conference on Private International Law. However, for an extensive discussion on how to proceed under the legal parameters established by this Convention, when applicable, see 4B WRIGHT & MILLER, *supra*, § 1134. Lastly, the Internet contains multiple international service agents, which explain in detail the appropri-

ate procedure for serving process abroad, pursuant to FED.R.CIV.P. 4(f)(2), when applicable.

2. FED.R.CIV.P. 4(f)(3) also provides for service of process "by other means not prohibited by international agreement as may be directed by the court." However, this rule "permits service in a particular case to be tailored to the necessities of the situation when **none of the other methods of service** expressly provided for in the rule is satisfactory or likely to be successful.... The only proscription on the district court's discretion is that the method not be prohibited by international agreement." 4B WRIGHT & MILLER, *supra*, § 1134, at 333 (emphasis added).

3. In any event, whether under subsection (1), (2) or (3) of Rule 4(f), the due process requirements of reasonable notice and opportunity to be heard must always be satisfied, pursuant to the Supreme Court's ruling in *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all

■ The Court has researched this matter and found that the Dominican Republic is not a member state of the Hague Conference on Private International Law, and has never ratified or signed the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.[4] Moreover, the Court has failed to find any other international convention that may be applicable, between the United States and the Dominican Republic. Therefore, absent any applicable internationally agreement between these countries, the Court finds that Plaintiffs shall serve process using one of the several methods provided by subsection FED. R.CIV.P. 4(f)(2).

## II

### FED.R.CIV.P. 4(f)(1)

The first of the several possible means of effecting service abroad other than pursuant to an international agreement, is serving process "in the manner prescribed by the law of the foreign country for service of an action in any of its courts of general jurisdiction." FED.R.CIV.P. 4(f)(2)(A). In other words, the method consists of invoking local procedure in the country where the person served is residing—such as, in this case, the procedures established in the Dominican Republic.

The second method of service available is the use of a letter rogatory or letter of request, as directed by the foreign governmental authority. FED.R.CIV.P. 4(f)(2)(B). This procedure is governed by the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and 28 U.S.C. § 1781, which continues to be applicable with regard to countries that are not signatories to the Hague Convention.[5] The formal requirements for transmitting a letter of request and the nature of its contents, however, varies from country to country. Furthermore, it has been noted that letters of request are "the most time consuming, cumbersome, and expensive method of service provided for in Rule 4(f)." 4B WRIGHT & MILLER, *supra*, § 1134, at 326.[6]

The third method of service on an individual[7] in a foreign country, available when no applicable internationally agreement exists, is service of process by personal delivery, pursuant to FED.R.CIV.P. 4(f)(2)(C)(i). *See e.g. SEC v. Int'l Swiss Invs. Corp.*, 895 F.2d 1272 (9th Cir.1990)(holding that unratified Inter American Convention on Letters Rogatory did not supersede Rules of Civil Procedure with respect to SEC's personal service of process in Mexico); *ALCO Standard Corp. v. Benalal*, 345 F.Supp. 14 (E.D.Pa.1972)(service sufficient when personally delivered to the defendants in Spain, albeit the precise form of service used was not proper under Spanish law).

Lastly, Rule 4(f)(C)(ii) provides for serving process by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served." Because service of process by mail must be addressed and dispatched by the clerk of the court, it would be improper if it were addressed and dispatched by the plaintiff. As has been noted,

> Service of mail has the advantage of being both expeditious and inexpensive. It has the further desirable attribute of only requiring activity within the foreign by

---

the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections").

**4.** An updated list of member states to the Hague Conference on Private International Law is available at *http://hcch.net/e/members/members.html*.

**5.** Pursuant to 28 U.S.C. § 1781(b), intervention of the U.S. State Department is not indispensable. Section 1781(b)(1) specifically provides for sending the letter of request directly from the issuing court to the addressee court and its return in similar manner, provided the practice of the foreign court or a treaty permits it. See 28

U.S.C. § 1781. It is worth noting also, that the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters is reprinted in 28 U.S.C. § 1781.

**6.** These types of services usually take at least 4 months and can take up to 18 months. *See* http://www.inaccs.com.bb/pi/process.htm.

**7.** Service by personal delivery to a corporate officer—as opposed to individuals was removed from Rule 4. Service upon corporations and associations not within any judicial district of the United States is presently covered by FED.R.CIV.P. 4(h)(2).

that nation's postal authorities. Thus, service by mail may be less objectionable than some other methods of service to the authorities in a foreign country that frown upon the performance of "sovereign" acts within its borders on behalf of foreign litigation.

4B WRIGHT & MILLER, *supra*, § 1134, at 331. Nevertheless, as stated above, Rule 4(f)(2)(A) precludes service by mail, if this method is prohibited by the law of the foreign country.

## III

## CONCLUSION

In the case at bar, Plaintiff has sought authorization to serve process against Defendants by publication, under Rule 4(e), which in turn, is an indirect request for use of Puerto Rico's Rule 4.5. However, since Defendants are not residents of "any judicial district of the United States,"—a requirement under Rule 4(e)—but of a foreign country (the Dominican Republic), Plaintiffs' reliance on FED.R.CIV.P. 4(e)(1) is misplaced.

**WHEREFORE,** Plaintiffs' Motion Requesting Leave to Serve Summons by Publication is hereby **DENIED.** (Docket No. 2). Nevertheless, for the reasons stated above, the Court finds that service of process of Defendants in this case must be made pursuant to FED.R.CIV.P. 4(f)(2).

**IT IS SO ORDERED.**