MANUEL DE JESÚS BORRERO, demandante y recurrente, *v.* JORGE LUIS GUERRA GUERRA y GREAT AMERICAN INSURANCE CO., demandados y recurridos.

*Número:* R-76-1 *Resuelto:* 21 de septiembre de 1976

*Luis Negrón López* y *Luis Negrón Lizardi,* abogados del recurrente; *Calderón, Rosa Silva & Vargas, Carlos M. Miranda Rodríguez* y *Harry Anduze Montaño,* abogados de los recurridos.

PER CURIAM: El trasfondo de hechos esenciales que rige el recurso ante nuestra consideración es el siguiente: El recu-

rrente Manuel De Jesús Borrero tuvo el 15 de diciembre de 1965 un accidente mientras se desempeñaba en labores propias de su empleo al ser impactado por el vehículo de un tercero, asegurado por la recurrida Great American Insurance Co. Referido el caso al Fondo del Seguro del Estado, se le proveyó hospitalización, tratamiento médico y el pago de dietas. El 15 de marzo el Administrador del Fondo emitió decisión dándole de alta, curado y sin incapacidad; dictamen contra el cual oportunamente estableció apelación ante la Comisión Industrial de Puerto Rico solicitando ulterior tratamiento y fijación de incapacidad. Luego de celebrada la correspondiente vista pública médica fue referido al Fondo para radiografías y a un ortopeda consultor para examen e informe. No habiendo comparecido a las citas por encontrarse fuera de la isla, a solicitud de su abogado la Comisión Industrial, el 14 de junio de 1966, archivó el caso ". . . sin perjuicio de los derechos del obrero de solicitar la reapertura del mismo dentro de un tiempo razonable a su regreso a Puerto Rico." Subsiguientemente, mediante Resolución fechada el 19 de julio de 1966 la Comisión Industrial reabre el caso a petición del recurrente quien ya había regresado y previo los trámites de rigor "el 14 de noviembre de 1966 devolvió el caso a la jurisdicción del Fondo del Seguro del Estado para que se considerara el informe del Dr. Karl Horn y se dictara la decisión correspondiente." Esta última Resolución no pudo ser prontamente cumplimentada por encontrarse otra vez el obrero fuera de Puerto Rico; el 21 de febrero de 1967 nuevamente se archiva el caso sin perjuicio a solicitud de su abogado.

Así las cosas, el Administrador del Fondo del Seguro del Estado, en tal carácter y en representación del recurrente y la Sociedad Legal de Gananciales de éste, radica el 20 de junio de 1967 la acción Núm. 67-3337 ante el Tribunal Superior, Sala de San Juan, de índole subrogatoria contra el tercero conductor y su aseguradora, Great American Insu-

rance Co., reclamándoles, en concepto de gastos incurridos por el Fondo, la suma de $829.39, y por sufrimientos físicos y mentales del obrero y su esposa, la cantidad de $20,000.00. Trabada la contienda, con la comparecencia y participación activa del abogado particular del obrero, se utilizaron los mecanismos de prueba y el caso fue señalado infructuosamente para vista en su fondo; eventualmente, el 15 de junio de 1971, fue desestimado por sentencia dictada al amparo de la Regla 11 de las de Administración, la cual advino en final y firme.

Con posterioridad al inicio de la acción judicial antes mencionada, y concurrente al trámite de la misma el 1ro. de julio de 1967 el abogado del obrero informa su regreso y la Comisión Industrial, por conducto de su Subsecretario, dispone el cumplimiento del trámite previamente ordenado; finalmente, el 6 de diciembre de 1972, el Administrador del Fondo del Seguro le reconoce una incapacidad de 85% por pérdida de las funciones fisiológicas generales dándole de alta definitivamente. Esta decisión se convirtió en final y firme.

El 6 de agosto de 1973 el demandante recurrente presenta nueva demanda (Caso Civil Núm. 73-5160) contra el conductor y la recurrida Great American Insurance Co. pidiendo resarcimiento en daños como consecuencia del accidente. Se consignaron alegaciones análogas a las expuestas en la causa civil Núm. 67-3337, adicionándose una referente a incapacidad total por afección mental. La aseguradora recurrida solicitó la desestimación bajo los fundamentos de cosa juzgada y prescripción. Previa la presentación de memoriales, el 28 de noviembre de 1975, el Tribunal dictó sentencia declarando con lugar la defensa de cosa juzgada y, en su consecuencia desestimando la demanda.(1) Acordamos revisar.

El elaborado dictamen de la ilustrada sala sentenciadora, se apoya en nuestra doctrina de que una sentencia al

(1) No entró a considerar los méritos de la defensa de prescripción.

amparo de la Regla 11 de Administración constituye cosa juzgada, concluyendo que están presentes los requisitos que deben concurrir para su aplicación; a saber, existencia de una sentencia final y firme, y perfecta identidad en cuanto a cosa, causa, partes y calidad de éstas. *Figueroa* v. *Municipio de San Juan*, 98 D.P.R. 534, 555–556 (1970); *Sucn. Zayas Berríos* v. *Berríos*, 90 D.P.R. 551, 563–564 (1964).

■ No existe duda, pues los autos ante nos así lo evidencian, que la causa de acción incoada por el recurrente es esencialmente igual a la antes promovida por el Administrador y que las partes son las mismas. En ese sentido, coincidimos con el tribunal de instancia en que aparentemente están presentes los elementos de cosa, causa, persona y representación.(2) Sin embargo, una reflexión más profunda nos lleva a concluir que no puede sostenerse válidamente la defensa de cosa juzgada ya que la acción previa desestimada era una radicada prematuramente. *Fresh-O-Baking Co.* v. *Molinos de P.R.*, 103 D.P.R. 509 (1975); *Fels* v. *Biascoechea*, 77 D.P.R. 681 (1954); *Chabrán* v. *Méndez*, 74 D.P.R. 768 (1953).

Plasmemos los fundamentos de esta proposición. En nuestra sociedad—donde prevalece el imperio de la ley—toda actuación de una agencia gubernamental y sus funcionarios debe estar autorizada por un estatuto de ley, reglamento válido o enmarcada en un ejercicio discrecional con límites razonables. Tal es el caso del Administrador del Fondo del Seguro del Estado, quien mediante el andamiaje de un estatuto básico—Ley de Compensaciones por Accidentes del Trabajo y los reglamentos debidamente promulgados—puede acudir a los tribunales y obtener resarcimiento por los gastos incurridos en un caso, compensado en su foro, y en determinadas circunstancias, reclamar a nombre de un obrero.

---

(2)La acción de subrogación ". . . no pertenece al Administrador, sino propiamente al obrero lesionado . . . ." *Gallart, Admor.* v. *Banco Popular*, 91 D.P.R. 818 (1965).

Esta facultad está consignada en el mencionado Art. 31 de dicha ley (11 L.P.R.A. sec. 32).

 Para el año 1966 como al presente, esta disposición en lo pertinente señalaba que el administrador podría, respecto a un tercero responsable de los daños, ". . . entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, *dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria. . . .*" (Énfasis suplido.) La lectura de este precepto pone de manifiesto que la acción en subrogación sólo puede deducirse *después* que la determinación administrativa es firme y está limitada a un espacio de tiempo de 90 días. *Contrario sensu*, no está autorizado dicho funcionario a ejercitar procedimientos antes de que su fallo sea firme. Como corolario de lo expuesto, resulta *ultra vires* y sin eficacia legal alguna la interposición de una reclamación antes del transcurso del tiempo prescrito en la ley y por ende cualquier acción iniciada en contravención con lo expresado es desestimable por prematura. Es premisa cardinal de ley que los actos ejecutados por un funcionario en contra de ésta no tienen valor jurídico. *Admor. Fondo del Estado* v. *Northern Assur.*, 98 D.P.R. 253, 255 (1970); *Pueblo* v. *Club Management Inc.*, 88 D.P.R. 189, 196 (1963).

En el caso de autos, la acción Núm. 67-3337 incoada por el Administrador del Fondo contra el tercero conductor y su aseguradora carecía de validez y era inoperante por haber sido ejercitada antes de que su determinación fuera firme y ejecutoria, ya que habían mediado dictámenes previos de la Comisión Industrial ordenándole proveyera tratamiento ulterior al recurrente y que a la luz de los nuevos exámenes médicos a practicarse, dictaminara el grado de incapacidad existente, si alguno, atribuible al accidente. Las dos resoluciones de archivo "sin perjuicio" de la Comisión—ante las ausencias explicadas del obrero—en momento alguno imprimieron

característica de firmeza y efectividad a la decisión inicial del Administrador, que como hemos visto había sido revocada por la Comisión Industrial con el mandato de ulteriores trámites, que quedaron inconclusos hasta el 6 de diciembre de 1972.

Aun cuando reconocemos que el trámite observado pudo haber confundido al Administrador, a las partes y a sus abogados, no estamos, como sugiere la recurrida, ante un caso de recidiva pues el planteamiento del obrero desde sus comienzos ante la Comisión se dirigía a demostrar la existencia de una incapacidad; señalamiento con apoyo en el tratamiento brindádole, en particular desde el 28 de marzo de 1967 en virtud de las recomendaciones del Dr. Sánchez Longo.

No milita en contra de esta decisión, la comparecencia del recurrente en el pleito anterior a través de su abogado. Por ministerio de ley, el Administrador no podía reclamar en el momento en que lo hizo y menos representarlo; tampoco el obrero podía instar acción directa por impedirlo el estatuto antes referido. Este eventualmente lo hizo después de expirado el término de 90 días de ser firme y ejecutoria la decisión del Administrador el 6 de diciembre de 1972. La situación fáctica es distinguible a la del caso de *Alvarado* v. *Calaiño Romero,* 104 D.P.R. 127 (1975).

*Se dictará sentencia revocando la resolución del Tribunal Superior, Sala de San Juan que desestimó la demanda por cosa juzgada.*