Angel **ROBLES MELENDEZ,**
et al., **Plaintiffs,**

v.

**MERCK AND COMPANY, INC.,**
et al., **Defendants.**

**Civ. No. 90–2218 (JAF).**

United States District Court,
D. Puerto Rico.

Aug. 13, 1991.

Eric M. Quetglas–Jordán, José F. Quetglas–Alvarez, José F. Quetglas–Jordán, San Juan, P.R., for plaintiffs.

Luis Sánchez–Betances, Sanchez–Betances & Sifre, San Juan, P.R., for De Dietrich.

Eduardo R. Estrella, José E. González–Borgos, Ricardo F. Casellas, San Juan, P.R., Fiddler Gonzalez & Rodriguez, for Merck.

Herman Lugo del Toro, San Juan, P.R., for Carbone.

## OPINION AND ORDER

FUSTE, District Judge.

On June 12, 1986 a tank exploded at the Barceloneta, Puerto Rico plant of Merck, Sharp and Dohme Química de Puerto Rico, Inc. ("Química"). Among those injured was plaintiff Angel Robles Meléndez, an employee of Química. He, along with his spouse, the conjugal partnership constituted by them, and their children, commenced this action against, *inter alia,* Merck and Company, Inc. ("Merck"), the parent company of Química, and Carbone, a Division of Carbone–Lorraine Inds. Corp. ("Carbone"), the manufacturer of the carbon disk which allegedly contributed to the explosion. Plaintiffs allege that defendants violated Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, in that defendants negligently designed, installed, modified, operated, and maintained the tank. Plaintiffs also claim that defendants failed to adequately train Química employees in the proper use and maintenance of the tank. The jurisdiction of this court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Before the court are Fed.R.Civ.P. 12(b) motions to dismiss by defendants Merck and Carbone and, in the case of Merck, a motion for summary judgment based on the doctrine of *res judicata.* For the reasons stated below, we grant defendant Merck's summary judgment motion and deny defendant Carbone's Rule 12(b) motion.

### I.

### *Facts and Prior Proceedings*

The underlying facts are drawn from the pleadings and supporting documents and, with respect to defendants' motions to dismiss, plaintiffs' allegations contained therein are accepted as true.

Plaintiff Robles was near tank ST–4301 when it overheated and exploded, causing the plant to ignite in flames. Plaintiff's body also ignited and, as he attempted to escape through an exit, he fell 25–30 feet as the floor grating on the other side of the

doorway had fallen away. Plaintiff remained on the floor, immobile, his body still burning, for a half-hour before he received assistance.

As a result, plaintiff suffered severe injuries and burns requiring various surgical interventions, as well as on-going medical treatment. Plaintiff remains incapacitated and unable to work.

Plaintiff Robles reported the accident to the State Insurance Fund ("SIF") and received medical treatment and compensation benefits according to the terms of the Puerto Rico Workmen's Accident Compensation Act ("PRWACA"), 11 L.P.R.A. §§ 1–211. Plaintiff was discharged from the SIF on August 24, 1990.

On June 12, 1987, plaintiffs, while Robles was still under treatment at the SIF, commenced an action in the Superior Court of Puerto Rico, San Juan Part, against, *inter alia*, defendant Merck. (Docket Document No. 17, Exhibit A). In the local court plaintiffs raised basically the same claims as in the present action.

On April 20, 1989, the Superior Court granted defendant Merck's motion for summary judgment based on two grounds. First, the court ruled that Merck, as the parent company of Química, was entitled to the same statutory immunity under the PRWACA, even though Merck and Química were distinct corporate entities. After examining the general principles behind the PRWACA and analyzing the unique situation of Puerto Rico, where mainland corporations organize Puerto Rico subsidiaries in order to benefit from Section 936 of the Internal Revenue Code, 26 U.S.C. § 936,[1] the Court concluded that the "parent company and its subsidiary which operates under the laws of Puerto Rico comprise a single economic unit, independently of the fact that they still maintain separate legal personalities" and that, therefore, the parent company could be considered a statutory employer entitled to absolute immunity under the PRWACA. (Docket Document No. 19, Translation, Exhibit B at 22–23).[2] As a second ground for Merck's dismissal, the local court also found that plaintiffs did not comply with Rule 4.3(b) of the Puerto Rico Rules of Civil Procedure as they failed to serve the summons on Merck within six months of its issuance. 32 L.P.R.A.App. III R. 4.3(b). Plaintiffs' motion for reconsideration was denied by the local court.

Plaintiffs commenced their federal court action on September 14, 1990. Thereafter, on September 25, 1990, they filed a motion requesting an order from this court for service by publication pursuant to Rule 4.5 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A.App. III R.4.5. (Docket Document No. 3). Attached to the motion were certificates by the Puerto Rico Department of State stating the Merck, Carbone and De Dietrich Inc., U.S.A. ("De Dietrich") were neither incorporated nor registered as foreign corporations and they had no resident agent in Puerto Rico. Also attached to the motion was an affidavit by plaintiff Robles. The text of the affidavit stated as follows:

I, ANGEL LUIS ROBLES MELENDEZ, of legal age, married, incapacitated to work, social security number 583–28–1786, and resident of Manati, Puerto Rico, having been duly sworn, say and depose as follows:

1. The above stated personal circumstances are correct.

---

**1.** Section 936 provides for a tax credit for corporate income subject to certain conditions. One of the conditions which must be satisfied is that 80% or more of the income must be derived from sources within a possession. 26 U.S.C. § 936(a)(2)(A). As the local court correctly noted, in order for larger corporations to comply with this requirement, and therefore reap the benefit of section 936, they must create a subsidiary corporation whose base of operations and profits are generated from within Puerto Rico.

**2.** Here we simply note that in a recent decision, the Supreme Court of Puerto Rico, in answer to questions certified by the United States Court of Appeals for the First Circuit, ruled that "the 'statutory employer doctrine' does not apply in a context where a parent corporation owns all of the stock of its subsidiary, but each entity has its own legal identity, and the only agreements between them are to provide license and technical assistance." *Santiago Hodge v. Parke Davis & Co.,* 909 F.2d 628 (1st Cir.1990); *see Santiago v. Parke Davis Co.,* 90 J.T.S. 42 at 7593 (1990).

2. I am plaintiff in the complaint filed on September 14, 1990, in the above captioned case.

3. To the best of my knowledge and belief, all facts alleged in the complaint of reference are true and correct, and I hereby duly ratify under oath all allegations contained in the same.

4. According to my best understanding and belief the above stated facts are the truth and the only truth.

*Id.,* Exhibit C. This court granted plaintiffs' motion and issued an order granting service of process by publication as to Merck, Carbone and De Dietrich. (Docket Document No. 7).

Defendants Merck and Carbone have asserted various grounds for dismissal and/or summary judgment. First, Merck argues that the doctrine of *res judicata* precludes the prosecution of plaintiffs' claim. Both Merck and Carbone challenge the sufficiency of plaintiffs' service of process by publication pursuant to Rules 4.7 and 4.5 of the Puerto Rico Rules of Civil Procedure.[3]

We will treat each of defendants' grounds for dismissal *seriatim.*

## II.

### *Discussion*

#### A. Res Judicata

■ Defendant Merck argues that plaintiffs are barred by the doctrine of *res judicata* from relitigating this action in federal court since the April 1989 Superior Court of Puerto Rico decision represents a final judgment on the merits by a court of competent jurisdiction. Also, defendant argues that, as between the prior and the present actions, there exists "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such," 31 L.P.R.A. § 3343,[4] as required by Article 1204 of the Civil Code of Puerto Rico, the *res judicata* statute. Because a federal district court must give the same preclusive effect to state court judgments as that given by local courts, 28 U.S.C. § 1738, *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Felix Davis v. Vieques Air Link,* 892 F.2d 1122, 1124 (1st Cir.1990), Merck argues that we are bound to dismiss the action.

Plaintiffs, in their opposition, concede that the presumption of *res judicata* applies to all plaintiffs except Robles Meléndez. We therefore grant defendant Merck's motion for summary judgment as to plaintiffs Sonia Colón Pou, the conjugal partnership constituted by Angel Robles Meléndez and Sonia Colón Pou, Sonia Noemí Robles Colón, Maribel Robles Colón, and Angel Omar Robles Colón.

However, plaintiff Robles argues that the presumption of *res judicata* is inapplicable in his case in that his local court action was prematurely filed. Specifically, he points to the language of 11 L.P.R.A. § 32, the statute dealing with the procedures for suits against third parties and

---

**3.** Merck also argues that this court lacks *in personam* jurisdiction as there are insufficient contacts between the corporation and Puerto Rico. Finally, Merck argues that venue does not lie in this district. Because of our disposition of this case, we do not reach Merck's Rule 12(b) grounds.

**4.** Article 1204, in full, provides as follows:

**Destruction of presumptions: res judicata**
Presumptions established by law may be destroyed by proof to the contrary, except in the case in which it is expressly prohibited.

Only a judgment obtained in a suit for revision shall be effective against the presumption of the truth of the *res adjudicata.*

In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

In questions relating to the civil status of persons, and in those regarding the validity or nullity of testamentary provisions, the presumption of the *res adjudicata* shall be valid against third persons, even if they should not have litigated.

It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among those having a right to demand them, or the obligation to satisfy the same.
31 L.P.R.A. § 3343.

the right to subrogation by the SIF. Under this statutory scheme, an injured worker or his beneficiaries may claim against the third party responsible for the worker's injuries. The statute provides for a one-year period in which to file the action.[5] Where the SIF has been obliged to compensate an injured employee, after a final decision by the Manager, the SIF may subrogate itself to the rights of the employee "and may institute proceedings against such third party in the name of the injured workman or employee or his beneficiaries, within ninety (90) days following the date of a final and enforceable decision of the case." The statute goes on to recite:

> Neither the injured worker or employee nor his beneficiaries may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.

Since a final decision was not rendered by the Manager of the SIF until August 24, 1990, under plaintiff's theory, no action could have been filed until ninety days thereafter.[6] Therefore, since plaintiff could not bring the first action when he did, it should be given no preclusive effect and the presumption of res judicata does not bar the present action.

Plaintiff cites the Puerto Rico Supreme Court case of De Jesús v. Guerra Guerra, 105 D.P.R. 207 (1976), as support for the proposition that a prematurely filed action cannot serve as a basis for the application of the presumption of res judicata. In De Jesús, the Manager of the SIF, in its own capacity and in representation of the injured worker, filed suit against a third party while the plaintiff was still under treatment at the SIF. This suit was dismissed by the local court. After the Manager issued a final decision, plaintiff filed suit against the third parties which the trial court dismissed based on the doctrine of res judicata. The Supreme Court of Puerto Rico reversed and found that the prior action, because it had been prematurely filed by the SIF, lacked validity and therefore had no preclusive effect. As to plaintiff's appearance in the prior action, the Court opined:

> Appellant's appearance in the previous action through his attorney, does not militate against the decision. By operation of law, the Manager could not present a claim at the time he did, not even representing appellant; neither could the worker file a direct action since it was precluded by the aforesaid act. The latter eventually did so 90 days after the Manager's decision had become final and enforceable on December 6, 1972. The factual situation is different from that of the case of Alvarado v. Calaino Romero....

De Jesús, 105 D.P.R. at 213 (Official Translations, Vol. 5 at 289).

Defendant contests plaintiff's interpretation as to the issue of prematurity using the case mentioned in De Jesús, see Alvarado v. Calaino Romero, 104 D.P.R. 127 (1975). In Alvarado, the Court ruled as to the effect of the employee's premature filing on his right to recovery. The Court rejected dicta from an earlier Puerto Rico Supreme Court opinion, see Negrón v. Industrial Comm'n, 76 P.R.R. 282 (1954), that a prematurely brought action was null and void. Basing their decision on the legislative purpose of PRWACA, the Court found that prematurely filed complaints are voidable instead of void. Id. at 135 (Official Translations at 188). As the Court remarked, "[t]he declaration of nullity would unduly protect the third party, when what is inferred from our statute is the desire to protect the Fund's right to

---

5. Under Puerto Rico case law, the period of limitations for an independent action against a third party does not begin to run for the injured employees or his beneficiaries until ninety days after the Manager's decision becomes final and enforceable. See El Día, Inc. v. Superior Court, 104 D.P.R. 149 (1975).

6. We note here that plaintiffs commenced this action on September 14, 1990, well within ninety days of the final decision by the SIF.

subrogation." *Id.* The Court went on to specify that only the SIF may demand the annulment through the filing of an action for subrogation. *Id.* From this language, defendant Merck argues that where, as here, plaintiff both initiated the premature action and is now commencing a second action, *Alvarado* mandates that traditional *res judicata* principles should apply to bar the subsequent suit.

After a review of Puerto Rico and federal case law, we concur with Merck's interpretation and rule that plaintiff Robles' federal court action is barred by the presumption of *res judicata.*

Here the parties agree that, but for the issue of the prematurely filed suit, the presumption of *res judicata* would apply. Unlike *Alvarado*, it is the *plaintiff*, not the SIF, who seeks to nullify the premature action in order to have a second opportunity to litigate his claim. Also, contrary to *De Jesús*, we are not faced here with the case where one government entity's (the SIF) premature filing would prejudice the employee's right to file a subsequent action and thus subvert the purpose of the PRWACA. *Alvarado* stands for the proposition that a prematurely filed action is voidable not void and the SIF, alone, can elect to void the action.

Federal cases also confirm the position that *res judicata* should bar the present action. In *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 634–635 (1st Cir.1990), the court, in refusing to dismiss a premature claim by a plaintiff, adopted the reasoning and ruling of *Alvarado* and found that defendant third parties did not have standing to contest the action's ripeness. The court opined that "it is clear that the purpose of the statute at issue [PRWACA] is to protect the State Insurance Fund's exclusive right of subrogation and not that of a third party." *Id.* at 635. Here, where the injured employee had a full and fair opportunity to litigate the action, albeit prematurely, and the SIF has not sought to intervene, there is no danger that the statute's purpose would be subverted. Also, permitting the injured employee to void a premature action, which would presumably

occur only when he or she lost in the prior action, would neither serve the purpose of protecting the SIF's subrogation right nor promote the general policy underlying the doctrines of *res judicata* and collateral estoppel of putting an end to litigation. Under these circumstances, where an exception to the normal *res judicata* principles will not serve to protect some other statutory right, we are bound to apply the normal presumption of *res judicata* under Puerto Rico law.

We conclude therefore that, under Puerto Rico law, plaintiff Robles' federal court action is barred by the presumption of *res judicata.* We therefore grant defendant Merck's summary judgment motion as to plaintiff Robles.

**B. Insufficiency of Service of Process**

■ Codefendant Carbone challenges the sufficiency of plaintiff's service of process. Carbone argues that, since plaintiff's sworn statement sets forth no facts demonstrating the existence of a valid claim upon which relief can be granted, plaintiff has failed to comply with the strict requirements of Fed.R.Civ.P. 4(e) and Rules 4.7 and 4.5 of the Commonwealth of Puerto Rico's Rules of Civil Procedure, 32 L.P.R.A.App. III, R 4.7, R. 4.5., rendering his service defective. We disagree with the defendant and deny Carbone's motion.

Rule 4(e) of the Federal Rules provides for service on an absent party "under the circumstances and in the manner prescribed in" a statute or rule of the state in which the court sits. Under Puerto Rico Rule 4.7(b), 32 L.P.R.A.App. III R. 4.7, whenever a person to be served with process is not domiciled in Puerto Rico, service shall be made pursuant to Rule 4.5. The pertinent language of Rule 4.5 provides as follows:

> The court shall issue an order providing for service by publication when process is served ... on a foreign corporation with no resident agent, provided one of the above is proved to the satisfaction of the court in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some

relief against the person to be served or that the person to be served is a proper party to the action.

32 L.P.R.A.App. III R. 4.5.

Attached to plaintiff's motion for service by publication, he submitted proof that the defendants had no resident agent in Puerto Rico. Also submitted was an affidavit by plaintiff Robles in which he specifically ratified as true and correct all the factual allegations in the complaint of reference.

Defendant argues that this affidavit is defective in that, *within the affidavit itself,* the facts are not recited. They cite *O'Sheaf v. District Court,* 38 P.R.R. 231 (1928), and *Hospital Mortg. Group, Inc. v. Parque Industrial Rio Canas, Inc.,* 653 F.2d 54 (1st Cir.1981), as authority demonstrating that Rule 4.5 requires that the sworn statement must itself contain the facts and, absent these facts, the affidavit is defective.

Here, we find that the Robles affidavit simply incorporated by reference the factual allegations found in the complaint. Rule 8.3 of the Puerto Rico Rules of Procedure provides that "[a]ny statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or motion." 32 L.P.R.A.App. III R. 8.3. In the Spanish version of the commentary to Rule 8.3, it is noted that this rule corresponds to Rule 10(c) of the Federal Rules of Civil Procedure. As one treatise on the federal rule opines, "Rule 10(c) permits the incorporation by reference of prior allegations in order to encourage pleadings that are short, concise, and free of unwarranted repetition as well as to promote convenience in pleading." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1326 at 755 (1990).

In *Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20, 25 (1st Cir.1985), the First Circuit stated clearly that "[v]erification of a complaint may indeed be accomplished by reference in the affidavit, but an intent to incorporate must be more clearly stated than here." In *Senior Loiza,* the court ruled that the affiant only verified the motion seeking service by publication, specifically the language in the motion that referred to the complaint. *Id.* "While this goes part of the way, it falls short of amounting to an assertion that the person signing the affidavit swears to the truth of the facts in the complaint." *Id.*

Here, it is clear that plaintiff is making reference to the factual allegations found in the complaint. In all other respects, the affidavit was properly executed. Further, the factual allegations in the complaint are more than sufficient to put the defendants on notice as to plaintiff's claim. Unlike contrary precedent, here the affiant is not solely stating that he believes a good cause of action exists, *O'Sheaf,* 38 P.R.R. at 233–234, nor is it the attorney verifying that, in his opinion, a good cause of action exists, *Hospital Mortg. Group,* 653 F.2d at 57; *Goldsmith v. Villari,* 27 P.R.R. 726 (1919). Here, plaintiff specifically refers to the complaint and, by incorporating the factual allegations, swears to the truth of those facts.

We therefore find that plaintiff has complied with Rule 4.5 of the Puerto Rico Rules of Civil Procedure and therefore deny Carbone's motion to dismiss for insufficiency of service of process.

## III.

### *Conclusion*

In sum:

We GRANT defendant Merck's motion for summary judgment as to all of the plaintiffs and DISMISS the complaint as to Merck.

We DENY the motion to dismiss pursuant to Fed.R.Civ.P. 12(b) made by defendant Carbone.

IT IS SO ORDERED.