Feliciano de Bonilla, Juez Ponente
*1211 CAMBIO EN FORMATO
TEXTO COMPLETO DE LA SENTENCIA
Mediante los recursos de epígrafe, María de los A. Cintrón Berrios, Lydia E. Torres Hernández, María E. Montero Rodríguez, Mildred Navedo Pérez, Luz E. Chevres Chevres y Carlos Rosa Pagán solicitan revoquemos las resoluciones de la Junta de Apelaciones del Sistema de Administración de Personal emitidas el 11 y 14 de noviembre 1996, sobre varios casos que fueron consolidados por este organismo administrativo. Ambas decisiones fueron archivadas en autos el 16 de octubre de 1996. En las referidas resoluciones se sostuvo que los apelantes-recurrentes no tienen derecho a cargar una ausencia a su licencia regular de vacaciones por no haber obtenido la autorización previa de su supervisor inmediato y decretó el archivo de las apelaciones presentadas ante dicho foro por falta de alegaciones de hechos y derecho que justificaran la concesión de un remedio.
I
Los recurrentes ocupan puestos regulares de carrera en el Departamento de la Familia. El 18 de marzo de 1996 se ausentaron de su trabajo y acudieron a la Legislatura a escuchar la ponencia que allí hiciera la Secretaria de dicha agencia y a expresar sus preocupaciones por las condiciones de empleo y salarios.
En el caso específico de la recurrente, señora María de los A. Cintrón Berrios, (recurso Núm. KLRA-96-00371) ésta alega que solicitó a su supervisor inmediato una autorización para ausentarse de su trabajo el 18 de marzo de 1996, con cargo a su licencia regular de vacaciones. Según alega, dicha solicitud fue aprobada por su supervisor inmediato.
Posteriormente, los recurrentes en ambos casos recibieron carta del Departamento de la Familia donde se les notificó la intención de imponerles la medida disciplinaria de descuento de sueldo por un (1) día, por alegada violación al Artículo XIII del Manual de Normas Internas del Departamento de la Familia relativas a la jomada de trabajo y asistencia.
Los recurrentes apelaron ante la agencia recurrida la intención de imponerles la medida disciplinaria de descuento salarial. Solicitaron, además, que se les cargara la ausencia a su licencia *1212 regular de vacaciones y que se les ofreciera una vista administrativa para impugnar la referida sanción. El Departamento de la Familia no accedió a conceder el remedio solicitado y les notificó que procedería a realizar el descuento salarial.
Insatisfechos con la decisión de la agencia recurrida, los aquí recurrentes presentaron sus respectivas apelaciones ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.). Solicitaron que se revocara la determinación del Departamento de la Familia de descontar del sueldo la ausencia del día 18 de marzo de 1996. Reclamaron también ante ese foro, que se les privó de un interés propietario sin concederles una vista administrativa informal y que esto constituyó una violación al requisito de debido proceso de ley. 
J.A.S.A.P. no acogió los planteamientos de los recurrentes y emitió resoluciones en cada caso. Con relación al caso ordenó que se archivaran las apelaciones presentadas por falta de alegaciones de hechos y/o derecho que justificaran la concesión de los remedios solicitados.
En cuanto al recurso Núm. KLRA-96-00371, J.A.S.A.P. determinó que:

"Analizada la totalidad del expediente, y sin entrar en los méritos de la reclamación, surge que la apelante reclama haber sido autorizada para ausentarse durante el día en controversia. Sin embargo, de la comunicación que le envía la parte apelada no nos es posible determinar si el anterior aspecto fue corroborado o, si de haber sido corroborado, existió algún fundamento para, aun cuando le hubieren autorizado el día, mantener la ausencia como una no autorizada.

A los fines de propiciar el tener todos los elementos necesarios para poder adjudicar esta controversia, resolvemos decretar el archivo por prematuridad de la apelación de epígrafe. Ordenamos a la parte apelada investigar las alegaciones de la apelante en el sentido de que solicitó y fue autorizada a ausentarse el día 18 de marzo de 1996. Una vez realizada dicha investigación, debe notificar el resultado a la apelante, quien podrá recurrir nuevamente ante nos de entender que sus derechos han sido violados". Apéndice del recurso, pág. 5.
De tales determinaciones acuden los recurrentes ante nos mediante los presentes recursos de revisión, los cuales fueron presentados el 13 de noviembre de 1996. En el caso Núm. KLRA-96-00372, los recurrentes señalan como error que:

"PRIMER ERROR: Erró la Honorable Junta al archivar las apelaciones administrativas de los recurrentes de epígrafe por falta de alegaciones de hecho y/o derecho que justifiquen la concesión de un remedio.

SEGUNDO ERROR: Erró la Honorable Junta al determinar que los recurrentes no tenían derecho a una vista administrativa informal ante la agencia recurrida previo a la suspensión de sueldo de un (1) día.

TERCER ERROR: Erró la Honorable Junta al no reconocer que los recurrentes ejercieron el 18 de marzo de 1996 sus derechos constitucionales de expresión, asociación y de solicitar al gobierno reparación de agravios."

En el caso Núm. KLRA-96-00371, la recurrente señala como error que:

"PRIMER ERROR: Erró la Honorable Junta al archivar la apelación de la recurrente ante dicho foro por 'prematuridad'.

SEGUNDO ERROR: Erró la Honorable Junta al archivar la apelación de la recurrente de epígrafe sin pasar juicio sobre los planteamientos de derecho levantados por ésta.

TERCER ERROR: Erró la Honorable Junta al no reconocerle a la recurrente su derecho a una vista administrativa informal ante la agencia recurrida previo a la suspensión de sueldo de un (1) día."

*1213 Con relación a este recurso, la parte recurrida, el Departamento de la Familia, presentó su Réplica a la Solicitud de Revisión el 3 de diciembre de 1996. En la misma alegó que aunque la recurrente llenó el formulario correspondiente solicitando permiso por tiempo compensatorio y habiendo su supervisor inmediato autorizado la ausencia, posteriormente, (alrededor del día 15 de marzo) el director de la oficina local revocó dicha autorización y que así le fiie informado a la recurrente. Según alega la parte recurrida, la revocación obedeció a instrucciones impartidas por la Oficina Central de no conceder permisos para ausentarse, excepto en aquellos casos en que se demostrara, mediante prueba documental, que la ausencia era justificada. El 10 de diciembre de 1996 emitimos resolución consolidando los casos de epígrafe. Ponderados los argumentos de las partes, confirmamos las resoluciones recurridas.
II
Primero discutimos la determinación de prematuridad por parte de J.A.S.A.P. en el recurso Núm. KLRA-96-00371. Según el profesor Serrano Geyls:

”[ljo medular de la doctrina reside en que la controversia no se considera madura porque un examen de ella indica que hay ciertos eventos y sucesos futuros que afectarán su configuración y estructura de manera tal que niegan su presente justiciabilidad, bien porque resalta que una decisión posterior es más adecuada o se demuestra directamente que la cuestión no esta aún debidamente delineada para adjudicación conforme al Artículo III de la Constitución.

La doctrina se basa en consideraciones normativas fundadas en la necesidad de que la controversia esté definida y sea concreta para que el Tribunal pueda evaluar en sus méritos las posiciones de las partes en litigio". Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, San Juan, 1986, vol. 1, pág. 195.
Así también expresa el profesor Serrano Geyls que el problema del requisito de madurez estriba en si se activa prematuramente la presentación de una acción, ya que a menudo faltan hechos e ingredientes que conduzcan al tribunal a una decisión bien informada. Id.
El recurso Núm. KLRA-96-00371 presenta una de estas situaciones donde la cuestión a resolverse no está debidamente delineada para su adjudicación. La determinación de si, en efecto, la recurrente, María de los A. Cintrón Berrios, fue autorizada a ausentarse, y de si fue o no posteriormente revocada dicha autorización, constituyen hechos esenciales de los cuales depende el resultado final de esta específica reclamación. No obran en el expediente del referido recurso documentos con los cuales podamos constatar que la autorización para la ausencia fue concedida, como tampoco de que fuera revocada. Sin tales datos, ni J.A.S.A.P. ni este Tribunal podrían emitir una decisión bien informada.
Entendiendo, pues, que J.A.S.A.P actuó correctamente al ordenar al Departamento de la Familia a conducir una investigación sobre las mencionadas alegaciones en conflicto y al archivar, por tanto, el caso por prematuridad, confirmamos la resolución recurrida.
Obviamente, y según la propia resolución de J.A.S.A.P., queda abierta la vía para que en caso de que la recurrente no esté conforme con el resultado de la investigación, ésta podrá presentar la correspondiente apelación ante J.A.S.A.P. De no ser a su favor la determinación que en su día J.A.S.A.P. pudiere tomar, dicha parte podrá acudir ante este foro mediante revisión judicial.
Por carecer de madurez el recurso Núm. KLRA-96-00371, no es necesario discutir los restantes errores señalados en ese recurso. Sin embargo, al ser los mismos errores que se señalan en el recurso Núm. KLRA-96-00372 (excepto por el tercero de este último) los mismos serán discutidos.
En cuanto al recurso Núm. KLRA-96-00372, discutimos por separado los errores señalados. La sección 6 de la Ley de Personal del Servicio Público, Ley Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sección 1371, establece que entre los deberes y obligaciones de los empleados públicos están entre otros:

"(1) Asistir al trabajo con regularidad y puntualidad y cumplir la jomada de trabajo establecida".

*1214
Aunque la citada Ley de Personal no autoriza expresamente a una agencia a hacer descuentos de salarios por alegadas ausencias sin autorización, dispone en lo pertinente que:

"[cjada agencia administrará lo relativo al horario, a la jornada de trabajo y la asistencia de los empleados de su agencia, conforme la reglamentación que se establezca". See 1357.
En cumplimiento con este mandato estatutario la agencia recurrida adoptó las Normas Internas relativas a la Jomada de Trabajo y Asistencia. El Artículo XV de las referidas normas establece que:

"ícjuando algún empleado tenga que ausentarse por motivos personales, deberá solicitar previamente autorización del Director de la Oficina o persona a cargo en ese momento...

... Si la ausencia es autorizada se cargará a licencia regular. Si por el contrario, el Director determina que la misma es injustificada será descontada del sueldo del empleado".

La Ley de Personal del Servicio Público delegó a las agencias el deber de reglamentar lo relativo a la jornada de trabajo. El Artículo XX de las Normas Internas adoptadas por la agencia recurrida dispone en lo pertinente que:
"[tjodo empleado que por cualquier causa no justificada interrumpa o incumpla su jornada de trabajo, ya porque incumpla el horario que se le haya fijado por la autoridad nominadora, o por su supervisor inmediato, o incumpla la tarea que le haya sido encomendada por la autoridad nominadora o su representante autorizado, incurrirá en incumplimiento de sus deberes y obligaciones, según lo dispone el Artículo 6 de la Ley Núm. 5 del 14 de octubre de 1975, Ley de Personal del Servicio Público, y estará sujeto a acción disciplinaria". Artículo XX de las Normas Internas del Departamento de Servicios Sociales relativas a la Jomada de Trabajo y Asistencia.
Entre las razones que puede tener la agencia recurrida para tomar sanciones disciplinarias contra los empleados está el ausentarse del trabajo injustificadamente Id., Artículo XXIV.
Coincidimos con el análisis realizado por J.A.S.A.P. en cuanto a que los recurrentes incurrieron en una ausencia sin autorización que provocó que la agencia recurrida, en el ejercicio de su facultad y dentro del ámbito de su autoridad, descontara de su salario el día en el cual éstos incumplieron la jornada regular de trabajo.
Exceptuando la Sra. María de los A. Cintrón Berrios, como ya expresamos, los recurrentes no han reclamado que contaran con la debida autorización para ausentarse. Arguyen que les asiste el derecho a cargar su ausencia al balance acumulado de licencia de vacaciones aun cuando no obtuvieron la autorización de su supervisor para ello. No les asiste la razón.
El Departamento de la Familia actuó conforme a lo dispuesto en el Artículo XIII de su reglamento al descontar la ausencia de los recurrentes de sus sueldos. Esta disposición reglamentaria establece que:
"jijas ausencias sin autorizar no son licencias de vacaciones y por lo tanto los empleados que se ausenten de esta forma se les descontará la misma del sueldo correspondiente al mes en que ocurrió la ausencia.
...Cuando el empleado regrese a su trabajo después de haberse ausentado sin autorización, los supervisores determinarán si las circunstancias fueron tales que impidieron al empleado solicitar la licencia por adelantado o comunicar inmediatamente su ausencia para obtener el permiso necesario para estar ausente. Si así se determina por el supervisor inmediato la ausencia no autorizada podrá cargarse a vacaciones; de lo contrario, recomendará la deducción del sueldo del empleado". Id. Artículo XXIII.
La Ley de Personal del Servicio Público dispone que:
"jsjerá responsabilidad de cada agencia velar por la buena administración de los beneficios *1215 marginales". 3 L.P.R.A. sec. 1355.
La licencia de vacaciones es uno de los beneficios marginales reconocido por La Ley de Personal del Servicio Público. 3 L P.R.A. see. 1355 (1). Esta ha sido definida como:
"el período de tiempo que se autoriza al empleado a ausentarse de su trabajo con paga con el propósito de ofrecerle la oportunidad de reponerse del cansancio físico y mental que causa el desempeño de sus funciones". Artículo II, Sec. 11.4, del Reglamento de Personal de los Empleados de Carrera del Departamento de la Familia.
Como vemos, su propia definición exige como requisito para su disfrute la autorización previa del supervisor. Por lo tanto, sería incorrecto afirmar que por el hecho de ser un empleado de carrera con derecho a disfrutar de licencia de vacaciones acumulada se adquiere automáticamente el derecho a ausentarse sin autorización con cargo al referido balance.
Según ha expresado el Tribunal Supremo:
"jijas vacaciones han sido instituidas con el propósito de permitir a los empleados un período de descanso para reponer las fuerzas físicas y mentales agotadas en el período de trabajo y compartir ratos de tranquilidad y sosiego con sus familiares." Rodríguez Cruz v. Padilla, 125 D.P.R 486, 515 (1990), citando a Rivera Maldonado v. Autoridad de Hogares, 125 D.P.R. 453 (1953); Ramos Villanueva v. Depto. de Comercio, 114 D.P.R. 660 (1983).
Estudiadas las disposiciones esbozadas, es nuestra posición que el Departamento de la Familia actuó dentro de los parámetros establecidos por la ley. A tales efectos nuestro más alto foro ha expresado que:
"jejn nuestra sociedad donde prevalece el imperio de la ley toda actuación de una agencia gubernamental y sus funcionarios debe estar autorizada por un estatuto de ley, reglamento válido o enmarcada en un ejercicio discrecional con límites razonables." De Jesús v. Guerra, 105 D.P.R. 207 (1976).
De lo contrario, procedería afirmar que la agencia incurrió en abuso de discreción y que su actuación fue ultra vires. No es esta la situación ante nuestra consideración.
"Lo que actualmente se requiere como medida fiscalizadora es que las agencias aprueben reglamentos que delimiten o precisen sus facultades al amparo de la ley y así evitar actuaciones ilegales o arbitrarias. La función de los tribunales generalmente ha de ir dirigida a evaluar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales; y (5) si la reglamentación es arbitraria o caprichosa." M & B.S Inc. v. Departamento de Agricultura, 118 D.P.R. 319, 326(1987).
Dados los hechos específicos del recurso presentado, entendemos que el Departamento de la Familia tenía autoridad legal para descontar del salario de los recurrentes el día en que éstos se ausentaron sin contar con la autorización de su supervisor inmediato. La agencia recurrida actuó conforme a lo dispuesto en su reglamentación interna, adoptada dentro del marco estatutario de la Ley de Personal del Servicio Público y dentro de límites discrecionales razonables. Por tanto, las alegaciones de los recurrentes no justifican la concesión de remedio alguno. El primer error señalado no se cometió.
ni
Como segundo señalamiento de error los recurrentes plantean que la agencia recurrida no les ofreció las garantías que exige el debido proceso de ley y que les asistía el derecho a una vista administrativa informal previa al descuento de sueldo ordenado por el Departamento de la Familia.
Aunque debemos reconocer que los recurrentes adquirieron un interés propietario sobre sus *1216 sueldos, la suspensión o descuento ordenado por la agencia recurrida no fue uno permanente. Por lo tanto, estamos ante la privación temporal de un interés propietario que sólo puede reconocerse como derecho adquirido cuando se cumple con una jomada completa de trabajo.
"El debido proceso de ley no requiere que haya una vista previa a toda privación de un derecho o interés propietario. Cuando hay una privación temporal basta que en algún momento significativo u oportuno el afectado tenga la oportunidad de defenderse y presentar su caso en un proceso con adecuadas garantías." Vélez Ramírez v. Romero Barceló, 112 D.P.R. 710, 730 (1982).
Aun tratándose de la privación temporal de un interés propietario, los recurrentes tuvieron la oportunidad de comparecer por escrito ante el Departamento de la Familia. Una vez la agencia recurrida les notificó su intención de proceder con el descuento salarial, éstos presentaron su apelación ante el Secretario Auxiliar del Departamento.
Entendemos que a los recurrentes se les ofreció la oportunidad de explicar y de ser oídos antes de la intervención temporal con su interés propietario. A tales efectos nuestro más alto foro ha dicho que:
"[cjuando se priva de salario, empleo o sueldo a un empleado de carrera, el Estado debe establecer unas garantías mínimas para evitar el riesgo de un dictamen erróneo". Marrero Caratini v. Rodríguez, _ D.P.R. _ (1995), 95 J.T.S. 44, a la página 773.
El Departamento de la Familia le ofreció a los recurrentes estas garantías mínimas además de advertirles sobre su derecho a acudir a J.A.S.A.P.
Se ha reconocido el derecho a una vista informal previa cuando a un empleado de carrera se le suspende de sueldo sumariamente. Díaz Martínez v. Policía, _ D.P.R. _ (1993), 93 J.T.S. 122,
En el caso que nos ocupa, los recurrentes no fueron despedidos. Tampoco se les suspendió de sueldo sumariamente. Se les descontó del sueldo el día en que incumplieron con la jornada de trabajo establecida por ley.
"El procedimiento adjudicativo informal constituye el primer escalón procesal del procedimiento adjudicativo... una vez se le notifica adecuada y oportunamente de los cargos en su contra. En esta vista se le provee una oportunidad de expresar informalmente sus defensas antes de su destitución." Marrero Caratini v. Rodríguez, supra, pág. 777.
Esta oportunidad la tuvieron los recurrentes al presentar sus respectivas apelaciones ante el Departamento de la Familia dentro de los diez (10) días siguientes al recibo de la notificación sobre la recomendación de descuento salarial que hiciera la recurrida. El segundo error señalado tampoco se cometió.
IV
Los recurrentes arguyen, además, que el que se les descuente del sueldo el día en el cual éstos se ausentaren sin haber obtenido la autorización de su supervisor, viola su derecho constitucional de libertad de expresión.
La Sección 4 del Artículo II de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico dispone en lo pertinente que:

"[nJo se aprobará ley alguna que restrinja la libertad de palabra o de prensa o el derecho del pueblo a reunirse en asamblea pacífica y a pedir al gobierno la reparación de agravios".

Es importante aclarar que la conducta penalizada es haberse ausentado sin la autorización de un supervisor. La sanción disciplinaria no fue impuesta porque los recurrentes ejercieron su derecho constitucional a expresarse. Nada hay en la Ley de Personal del Servicio Público ni en las normas internas de la agencia recurrida que nos lleve a concluir que su efecto es restringir la libertad de expresión de los recurrentes. .
*1217 No obstante, es importante señalar "que el valor superior otorgado a la libertad de expresión en nuestro ordenamiento constitucional no supone una irrestricción absoluta, de forma que no pueda subordinarse a otros intereses cuando la necesidad y conveniencia pública lo requieran." Bonilla Medina v. P.N.P., _ D.P.R. _ (1995), 95 J.T.S. 33, a la pág. 788; Mari Brás v. Casañas, 96 D.P.R. 15, 21 (1968).
El planteamiento de los recurrentes carece de mérito. Estos ni siquiera han logrado establecer nexo alguno entre el contenido de las normas internas de la agencia recurrida y su relación con la garantía constitucional de libertad de expresión. En todo caso, no podemos perder de perspectiva que "[l]os tribunales deben sopesar el alcance de la restricción a la libre expresión y asociación y la importancia del interés gubernamental que anima la restricción, a la luz de la amenaza que la conducta impedida representa para tal interés del Estado. Deben considerarse las alternativas que tiene el poder gubernamental para alcanzar el objetivo de su limitación de la manera que menos lesione el derecho de expresión; y considerarse además las alternativas que tiene disponibles la persona para el ejercicio de su libertad de expresión y de asociación sin afectar adversamente las pretensiones gubernamentales." Rodríguez v. Srio., 109 D.P.R. 251, 255-256 (1979) (Enfasis suplido.)
"[E]l Estado tiene un interés legítimo en establecer las condiciones necesarias para mejorar la productividad de los empleados públicos." Velázquez Pagán v. A.M.A., _ D.P.R. _, (1992), 92 J.T S. 122, a la página 9924; Pickering v. Board of Education, 391 U.S 563 (1968).
En el caso que nos ocupa, de existir una controversia de índole constitucional, procedería establecer un balance entre el interés de los empleados gubernamentales de acudir al foro legislativo en horas laborables a expresar su sentir sobre las condiciones de empleo; interés del Estado de promover la eficiencia y productividad del servicio público. Velázquez Pagán v. A.M.A., supra.
Puesto que las Normas Internas de la agencia recurrida, relativas a la jornada de trabajo y asistencia, no establecen límite alguno al derecho de expresión y/o de asociación de los empleados recurrentes ni de su faz ni en su aplicación a los hechos del presente caso, consideramos innecesario analizar los mismos a la luz de los criterios esbozados en la jurisprudencia citada. El tercer error señalado no se cometió.
Por los fundamentos que hemos expuesto, se confirman las resoluciones recurridas.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 86
1. Peticionaria en el recurso Núm. KLRA-96-00371.
2. Peticionarios en el recurso Núm. KLRA-96-00372.
3. El Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico dispone que "[njinguna persona podrá ser privada de su propiedad sin un debido proceso de ley."