CARIBBEAN MANAGEMENT GROUP, INC., Plaintiff

v.

Erich A. KOENIGER, et al., Defendants.

Civil No. 07–1615 (JP).

United States District Court, D. Puerto Rico.

July 18, 2007.

Pablo Landrau–Pirazzi, Esq., Pablo Landrau Law Offices, Río Piedras, PR, for Plaintiff.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it the plaintiff's motion for service by publication (**No.4**). The motion is **DENIED**.

The plaintiff avers all defendants reside outside Puerto Rico, and moves for leave to serve them all by publication. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual within a judicial district who has not waived service and who is not an infant nor an incompetent person may be effected "pursuant to the law of the state in which the district court is located ... for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R.Civ.P. 4(e)(1). Rule 4.5 of the Puerto Rico Rules of Civil Procedure for the General Court of Justice provides in pertinent part as follows,

> The court shall issue an order providing for service by publication when process is to be served on a person outside Puerto Rico or on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him, when the person goes into hiding to avoid being served with process, or when process is to be served on a foreign corporation with no resident agent, provided one of the above is proved to the satisfaction of the court in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action.

P.R. Laws Ann. tit. 32, App. III R. 4.5 (1979).

The requirement that a motion for service by publication be supported by an affidavit or verified complaint "justifying the granting of some relief against the person to be served by publication or that the person to be served is the proper party to the action" is interpreted in a "strict and technical manner." *Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20, 23–24 (1st Cir.1985). This is because Rule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication, and any significant failure to comply with its requirements will cause the nullity of a judgment against the defendants. *Id.* at 24. An affidavit or verified complaint in support of a motion under Rule 4.5 must set forth facts justifying the granting of relief against the defendants or that the defendants are the proper parties to the action. *See id.* at 24 (affidavit stating opinion of plaintiff's counsel that the plaintiff has a valid claim is insufficient to support a Rule 4.5 motion); *see Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc.,* 653 F.2d 54, 57 (1st Cir.1981) (plaintiff's unverified complaint averments, and affidavit as to his personal belief that he has a valid claim were insufficient to support a Rule 4.5 motion). In *O'Sheaf v. District Court,* 38 P.R.R. 231 (1928), the Supreme Court of Puerto Rico overturned a judgment based on service obtained through a general affidavit of this nature. The Court held,

> The affidavit ... is fatally defective in not setting forth the facts from which the court could infer that complainants had a good cause of action. It has also been decided that the opinion of neither counsel not the party could avail a com-

plainant on whether a good cause of action existed.

*Id.* at 234. A plaintiff can satisfy the requirement to aver to specific facts supporting its claim to relief against the defendant by expressly incorporating by reference into a sworn affidavit the allegations in an unsworn complaint. *See Robles Meléndez v. Merck and Company, Inc.*, 770 F.Supp. 71, 77 (D.P.R.1991).

■ Here, the plaintiff's motion for service by publication must be denied, because the plaintiff's affidavit in support of its motion fails to comply with the strict requirements Rule 4.5 of the Puerto Rico Rule of Civil Procedure. The plaintiff filed an unsworn amended complaint, and an unsworn motion, which requests service by publication on the basis of an attached affidavit and the mere assertion that "[p]ersonal service upon said defendant(s)(sic) is not practicable and service by publication is necessary according to law." The affidavit is executed by the plaintiff's President, Reinaldo Vicenty. He swears only that he is the plaintiff's President, that all defendants reside outside of Puerto Rico, and that "[t]he averments set forth in the complaint of this case justify the granting of some relief against the defendants in this case and such defendants are proper parties to the action." The affidavit does not expressly incorporate by reference the allegations of the amended complaint and attest to their truth, and does not otherwise contain specific facts justifying the granting of relief against the defendants to be served, nor that the defendants are the proper parties to this action.

Having denied the motion for service by publication, the Court will not allow the plaintiff an opportunity to correct the defects in its motion. The Court orders the plaintiff to comply with the practice before this District Court by preparing a summons form for personal service as to each named defendant, and presenting the forms to the Clerk for issuance. The plaintiff must comply with this order and file a motion informing its actions in compliance on or before July 30, 2007. Failure to meet this deadline will result in dismissal of the case without prejudice for failure to prosecute the action.

**IT IS SO ORDERED.**