UNITED STATES of America, Plaintiff

v.

BANK ACCT. NO. 3200335471, Branch Doral Boulevard Miami, Florida, Defendant

Tereza González–Rius, et al., Claimants

v.

United States of America, Counter–Defendant.

Civil No. 06–1992 (JP).

United States District Court, D. Puerto Rico.

Jan. 10, 2008.

Maritza González, Esq., Miguel A. Fernández–Torres, Esq, United States Attorney's Office, San Juan, PR, for Plaintiff/Counter–Defendant.

Lorenzo J. Palomares–Starbuck, Esq., San Juan, PR, for Defendants and Claimants.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

The Court has before it a motion for summary judgment filed by Claimants Tereza González–Rius and Oreste Alonso ("Claimants" or "González" and "Alonso," respectively) in the above-captioned *in rem* case (No. 14), as well as Plaintiff United States of America's ("USA") opposition thereto (No. 16). Also before the Court is Claimants' motion to set aside the arrest and seizure of the Bank Account (No. 22), and Plaintiff USA's response

thereto (No. 23). For the reasons stated herein, Claimants' motions for summary judgment (No. 14) and to set aside arrest and seizure of *res* (No. 22) are denied.

Plaintiff USA filed the instant verified complaint for forfeiture *in rem* alleging that Defendant Citibank Bank Account No. 3200335471 (the "Bank Account") was used for violations of Title 18 U.S.C. Sections 1347 and 1035, among others, in an attempt to defraud a health care benefit plan under materially false and fraudulent pretenses. In support of the verified complaint, the USA attached an affidavit from Federal Bureau of Investigations Special Agent Sherie Rebollo ("Agent Rebollo") setting forth facts and circumstances in support of the seizure and forfeiture of Defendant Bank Account. In the affidavit, Agent Rebollo stated that there is reason to believe that Lázaro Sardinas, as owner of Centro Médico Angeles de Vida ("CMAV"), is in violation of Title 18 U.S.C. Sections 1347 (Health Care Fraud), 1035 (False Statement Relating to Health Care Matters), and 371 (Conspiracy to Commit Offense or Defraud the United States). CMAV is a Medicare provider registered with Medicare and with offices in Arecibo, Caguas and Ponce, Puerto Rico. CMAV provided drug infusion therapy to patients diagnosed with Human Immunodeficiency Virus ("HIV"). The three provider enrollment applications submitted to Medicare show Lázaro Sardinas as the owner of the three CMAV offices.

Agent Rebello stated in her affidavit that a health care fraud scheme was uncovered after an aberrant pattern of billing was detected indicating that providers from Florida billed Medicare for several infusion codes with medically unbelievable numbers of services on claims that indicated HIV-related conditions. From November 2004 until July 2005, CMAV submitted charges to Medicare for the amount of $4,678,704.00, of which Medicare paid the total amount of $2,555,801.72. CMAV received the aforementioned payment from Medicare through an electronic funds transfer to the Defendant Bank Account, located in Miami, Florida. The investigation ultimately led to the conclusion that CMAV was wrongfully paid $626,339.78 by Medicare. Plaintiff USA sought authorization from this Court to seize the Bank Account in connection with the investigation (No. 2).

Upon reviewing the complaint and Agent Rebollo's affidavit in support thereof, this Court granted Plaintiff USA's motion for issuance of a warrant *in rem*, and issued the same on October 19, 2006 (No. 3). The warrant was returned unexecuted on November 16, 2006, as CMAV's offices in Arecibo, Caguas and Ponce closed approximately seven months prior. Plaintiff USA then filed a notice publication (No. 6), attesting that notice was caused to be published on December 27, 2006 in *El Nuevo Día*, a newspaper of daily circulation in San Juan, Puerto Rico, directing any person having a claim in Defendant Bank Account to state the same before this Court. The Court here clarifies that Plaintiff USA twice filed its notice of publication without properly notarizing or signing the document (Nos. 6 and 10). The Court rejected the first notice (No. 7). A third notice was then properly filed with the Court by Plaintiff USA (No. 11). The Court thereafter rendered the second notice moot, and also granted Defendant Bank Account's motion to set aside the second notice (No. 15). Thus, Plaintiff USA's third notice of publication (No. 11) is properly before the Court, and the Court notes it.

Claimants filed the instant motion for summary judgment alleging that there is no subject matter jurisdiction. Claimants argue that no summons has been served.

Claimants also argue that rather than seeking civil forfeiture, Plaintiff USA must seek criminal forfeiture and await an order of forfeiture or execute judgment in accordance with the rules of procedure. Finally, Claimants argue that Plaintiff USA's case is frivolous. Plaintiff USA opposes the motion, arguing that the Court has jurisdiction over the matter under Title 28 U.S.C. Sections 1355 and 1395, and the funds in the Bank Account are subject to seizure and forfeiture pursuant to Title 18 U.S.C. Section 981(a)(1)(A). Plaintiff further argues that there is a genuine issue of standing and ownership, as the motion for summary judgment was filed by claimants González and Alonso, both of whom were employees of CMAV, who claim ownership of the Defendant Bank Account, which belonged to CMAV. Plaintiff USA cites to an Indictment dated December 15, 2006, and a superseding indictment dated July 11, 2007, filed against González and Alonso, setting forth various counts of health care fraud and false statements. Plaintiff argues that these claimants have not shown they are owners of Defendant Bank Account.

## I. MATERIAL FACTS NOT IN GENUINE DISPUTE

Plaintiff USA did not set forth an opposing statement of material facts as required by Rule 56(c) of the Local Rules of the United States District Court for the District of Puerto Rico. As such, the Court will accept as true those facts proposed by Claimants and properly supported.

1. By affidavit, Agent Rebollo states that there is reason to believe that Lázaro Sardina, as owner of Centro Médico Angeles de Vida, is in violation of Title 19 U.S.C. Sections 1347 (Health Care Fraud), 1035 (False Statement Relating to Health Care Matters), and 371 (Conspiracy to Commit Offense or Defraud the United States).

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988). Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *Id.* at 248, 2509; *Mack v. Great Atl. & Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989). A material issue is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *See First Nat'l Bank of Ariz. v.*

*Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The party opposing summary judgment may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through filing of supporting affidavits or otherwise, that there is a genuine issue for trial. *Id.; see also Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993). On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505.

### III. ANALYSIS

Plaintiff USA seeks to forfeit the Defendant Bank Account pursuant to Title 18 U.S.C. Section 981, which provides that property is subject to forfeiture by the United States when it is a proceed of an illegal activity, including health care fraud schemes.

### A. *Invalid Service*

In their motion for summary judgment, Claimants first seek to dismiss the complaint for invalid service. Claimants argue that service was not properly affected because the warrant issued pursuant to Court Order (No. 3) was returned unexecuted, and summons was not otherwise issued. Title 18 U.S.C. Section 981 states that when a complaint for forfeiture has been filed in a United States district court, the court may issue an arrest warrant *in rem* pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule 3a(ii)(A) of the Supplemental Rules for Certain Admiralty and Maritime Claims sets forth instructions as follows:

> [T]he court must review the complaint and any supporting papers. If the conditions for an *in rem* action appear to exist, the court must issue an order di-recting the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

These instructions were followed by this Court, and an Order for issuance of warrant *in rem* was made (No. 3) to arrest Defendant Bank Account. The warrant was returned unexecuted (No. 5), as CMAV had recently closed. Thereafter, as set forth above, Plaintiff USA filed a timely notice of service by publication (No. 11) which the Court herein noted. Thus, notice is proper.

### B. *Jurisdiction*

Claimants also argue that jurisdiction is lacking because Plaintiff USA made the publication in Puerto Rico, but Defendant Bank Account is in Florida. Claimants state that no publication has been made in Florida, and therefore the publication is not valid. Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure provide that service upon a corporation within a judicial district that has not waived service and that is not an infant nor an incompetent person may be effected "pursuant to the law of the state in which the district court is located ... for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R.Civ.P. 4(e)(1). Rule 4.5 of the Puerto Rico Rules of Civil Procedure for the General Court of Justice provides in pertinent part as follows,

> The court shall issue an order providing for service by publication when process is to be served on a person outside Puerto Rico or on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him, when the person goes into hiding to avoid being served with process, or when process is to be served on a foreign corporation with no resident agent, provided one of the above is

proved to the satisfaction of the court in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action.

P.R. LAWS ANN. tit. 32, App. III R. 4.5 (1979). This Rule applies to corporations as well. *Senior Loíza Corp. v. Vento Development Corp.*, 760 F.2d 20 (1st Cir. 1985), citing *Hach Co. v. Pure Water Systems, Inc.*, P.R.R., 83 J.T.S. 32 at 3098 (1983). The relevant corporation in the instant case is CMAV, which had offices in Arecibo, Caguas and Ponce, Puerto Rico. Thus, publication was properly issued in Puerto Rico, the residence of the corporation. Further, forfeiture of Defendant Bank Account is proper, despite its Florida location. Rule 4(n) of the Federal Rules of Civil Procedure provides that, in federal cases, "[t]he court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule." As previously stated, Title 18 U.S.C. Section 981 provides that property is subject to forfeiture by the United States when it is a proceed of an illegal activity, including health care fraud schemes. Title 18 U.S.C. Section 981(b)(3) further states that "a seizure warrant may be issued ... by a judicial officer in any district ... and may be executed in any district in which the property is found." Thus service is proper.

### C. *Criminal versus Civil Forfeiture*

■ Claimants also argue that Plaintiff USA must seek criminal forfeiture rather than civil forfeiture. However, this is not so. The statute specifically states that "health care fraud schemes" under Title 18 U.S.C. Section 1347 is "specified unlawful activity" under Title 18 U.S.C. Section 1956(c)(7) that can support civil forfeiture under Title 18 U.S.C. Section 981(a)(1)(c).

Claimants' final argument is that Plaintiff USA's complaint is frivolous. Apart from generally asserting frivolousness and generally denying the allegations set forth by Plaintiff, Claimants point to no evidence in support of said generalities. Accordingly, the Court cannot grant summary judgment on grounds of frivolousness.

■ The Court continues its analysis to note that Plaintiff USA has identified a genuine issue in dispute before the Court. Plaintiff argues that Claimants González and Alonso have no standing to contest Plaintiff's complaint. Plaintiffs allege that though Claimants were responsible for devising the fraudulent scheme and acquiring the funds therefrom[1], CMAV is the actual owner of the Defendant Bank Account. Because Claimants are not the owners of the Defendant Bank Account, they lack standing under Title 18 U.S.C. Section 983(a)(4)(A) to contest forfeiture.

In conclusion, the Court **DENIES** Claimants González and Alonso's motion for summary judgment **(No. 14)**, and **DENIES** their motion to set aside the arrest and seizure of *res* **(No. 22)**. The Court further **NOTES** Plaintiff USA's notice of publication **(No. 11)**.

**SO ORDERED.**

■

---

1. As an attachment to its opposition to summary judgment, Plaintiff USA included a thirty-eight count indictment against Claimants González and Alonso for aiding and abetting each other in executing and attempting to execute health care fraud under materially false and fraudulent pretenses in order to obtain money and property owned by said health care benefit plan. Claimants were both employees of CMAV.